# WINCHESTER & PARTRIDGE MANUFACTURING COMPANY *v.* CREARY & Others.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

Argued November 17, 18, 1885.—Decided December 21, 1885.

The declarations of a vendor of personal property made to a third party after sale and delivery of the property to the vendee, are not admissible in an action by the vendee against an officer seizing it on a writ of attachment as the property of the vendor, in order to show fraud, or conspiracy to defraud, in the sale.

A person whom a purchaser of personal property from a debtor in failing circumstances puts into possession of the property after the sale as his agent to manage it, cannot afterwards make declarations respecting the character

of the sale, which can be received in evidence against the vendor in pro-
ceedings in which the sale is questioned as made in bad faith, or with intent
on the part of the vendor and vendee to hinder and delay the vendor's
creditors.

This suit was brought by plaintiff in error as plaintiff below
against an officer who had seized, on a writ of attachment
against Hayner & Co., property sold and delivered by them to
plaintiff. The facts which make the case are stated in the
opinion of the court. Judgment below for defendant. Plain-
tiff sued out this writ of error to review it.

*Mr. M. F. Morris* for plaintiff in error.

*Mr. B. D. Lee* and *Mr. Jeff Chandler* for defendants in
error.

Mr. JUSTICE HARLAN delivered the opinion of the court.

The Winchester and Partridge Manufacturing Company, a
Wisconsin corporation, brought this action to recover damages
for the seizure and sale under an attachment sued out, on the
30th day of March, 1882, by J. E. Hayner & Co., against the
property of John A. Webb & Co., of certain goods, wares, and
merchandise, constituting a stock in trade; of which property
the plaintiff claims to have been at the time the attachment
was issued and levied, the owner by purchase from the defend-
ants in the attachment suit. The seizure and sale were made
by direction of Hayner & Co., who, prior to the levy, executed
to the defendant Creary, the officer who received the attach-
ment, an indemnifying bond with sureties. Before the levy
the officer was informed by plaintiff's agent, and also by John
A. Webb, that the property belonged to plaintiff.

The defence proceeds upon the ground that the alleged sale
was fraudulent and void as against the defendants, Hayner &
Co., and other creditors of the vendors.

The evidence, so far as competent, tended to establish the
following facts: On and prior to the 13th of March, 1882,
John A. Webb and Joseph W. Webb were engaged at Austin,
Texas, under the firm name of John A. Webb & Co., in selling
wagons, agricultural implements, machinery, &c. In the

course of business they became largely indebted to various persons, firms, and corporations with whom they had dealt; among others, to the plaintiff in the sum of $19,000, and to the defendants, Hayner & Co. in the sum of $16,262. On the day last named they sold, after inventory, and by bill of sale, their entire stock in trade, and a large amount of unsettled accounts, to the plaintiff for the sum of $43,000, which was at that time the fair value of the property. Of the purchase price, $19,000 was paid by the cancellation of plaintiff's claim against the vendors, and the balance was paid by its promissory notes, of different amounts, and payable at different times. These notes were used by Webb & Co. in payment of their debts, no part of them being withheld from creditors. At the time of the sale the vendors were insolvent. That fact was recognized by them, and was known as well to plaintiff as to Hayner & Co., and to other creditors. By the sale of March 13, 1882, the vendee, intended to obtain and the vendors intended to give to it, a preference over all other creditors. Before the sale the plaintiff requested Webb & Co. to transfer to it only so much of their property as was necessary to discharge its claim. This was refused by Webb & Co., who, in view of the character of their stock, insisted upon selling nothing less than the whole of it, together with their unsettled accounts. Plaintiff would not have purchased at all if Webb & Co. had been able to secure them in any way. It made the purchase because there was no other mode of saving its claim. Immediately upon the sale being effected, Webb & Co. surrendered, and the plaintiff, by its agent Spaulding, took possession of the articles sold, and through him, thereafter and until the before-mentioned attachment was levied, conducted the business, exercising absolute control over the property. Within a day or two after taking possession the plaintiff caused such an alteration in the sign of the establishment as showed that the business was being conducted by it as the successor of John A. Webb & Co. After the sale the members of that firm remained in the employment of plaintiff, as clerks or salesmen, at a fixed monthly compensation. This was in pursuance of an understanding with the plaintiff at the time of the sale—their knowledge of the busi-

ness and their acquaintance with customers being regarded by it as important in the disposition of the property. Plaintiff also retained in its employment others who had been clerks for Webb & Co. While the latter thought they had been unduly pressed by Hayner & Co., and for that reason did not, at the time of the sale, feel as kindly toward them as toward other creditors, and intended by the sale to give a preference to other creditors over Hayner & Co.—of which fact plaintiff was informed at the time of its purchase—they had no purpose to hinder and delay Hayner & Co. in the collection of their debts, except as that result was involved in their giving preference to the plaintiff; nor had plaintiff any purpose, in the whole transaction, except, by means of the purchase, to secure its own debt. The evidence discloses a race of diligence between creditors, who knew the failing condition of their common debtors, and knew that the latter had the right to make a preference among them.

The defendants, in their answer, charge that the alleged purchase by plaintiff was pursuant to a combination and conspiracy between it and the firm of John A. Webb & Co., whereby a pretended sale was to be made with a secret reservation of an interest in the vendors beyond what was necessary to discharge plaintiff's claim against them; in other words, that there was a purpose and design on the part of the vendors and vendee, to put the property of the debtors in such condition that plaintiff would be secured while Webb & Co. held at bay other creditors, whom they did not intend to prefer, particularly Hayner & Co., and thus hinder and delay them in the collection of their demands.

It is contended that the charge of combination and conspiracy was established by various declarations and statements of John A. Webb, and of Spaulding, the plaintiff's agent, made after the sale of the 13th of March, 1882. To the admission of these declarations and statements as evidence the plaintiff objected. Its objection was overruled, and exception was taken in proper form to the action of the court. The competency of that evidence is the principal question to be determined.

We are of opinion that the court below erred in allowing the

defendants to introduce proof of these declarations and statements made after the sale. The instruction to the jury upon this point was in these words: "That it is true, as contented by the plaintiff, that if the sale, when made, was not vitiated because of fraud, and the sale was one that passed the title to the plaintiff as against the creditors of Webb & Co., then no act or declaration of the Webbs, or that of Spaulding, afterwards made, could affect plaintiff's right to have and hold the property. Evidence of what was said and done afterwards by the person in possession and in charge of the goods has been admitted with a view to ascertain the true character of the sale when made, and can only be considered with reference thereto." The jury must have understood, from this language, that they were at liberty in ascertaining "the true character of the sale when made," to find that plaintiff participated in the fraud charged, if the statements of John A. Webb and of Spaulding after the sale justified that conclusion. But such is not the law.

Webb & Co. were not in possession, within the meaning of the rule, announced in some cases, that permits, in favor of creditors, proof of the declarations of a vendor of personal property, who is allowed, after sale, to control, manage, and dispose of it just as he had before done. They were not, in any legal sense, in possession after March 13, 1882. The plaintiff was itself in actual possession, exercising by its agent full control. The vendors, it is true, entered plaintiff's service as soon as the sale was made and possession was surrendered, but only as clerks or salesmen, with no authority except such as employees of that character ordinarily exercise. What they might say, not under oath, to others, after possession was surrendered, as to the real nature of the sale, was wholly irrelevant. They were competent to testify under oath, and subject to cross-examination, as to any facts immediately connected with the sale, of which they had knowledge; but their statements out of court, they not being parties to the issues to be tried, were mere hearsay. After the sale, their interest in the property was gone. Having become strangers to the title, their admissions are no more binding on the vendee than the admissions of others. It is against all principle that their declarations, made after they

had parted with the title and surrendered possession, should be allowed to destroy the title of their vendee.

It is, however, insisted that Webb's declarations after the sale were admissible in support of the charge of combination or conspiracy to defraud the defendants, Hayner & Co., and other creditors. Without extending this opinion by a review of the adjudged cases in which there was proof of concert or collusion between vendor and vendee to defraud creditors, and in which subsequent declarations of the vendor were offered in evidence against the vendee to prove the true character of the sale, it is sufficient to say that such declarations are not admissible against the vendee, unless the alleged common purpose to defraud is first established by independent evidence, and unless they have such relation to the execution of that purpose that they fairly constitute a part of the *res gestæ*. There was no such independent evidence in this case, and there is no foundation for the charge of a conspiracy between the vendors and vendee to hinder creditors, outside of certain statements which Webb is alleged to have made after his firm had parted with the title and surrendered possession.

It is argued that these subsequent declarations of Webb were competent for the purpose of contradicting him as a witness in behalf of the plaintiff, by showing that he had made statements out of court different from those made as a witness in behalf of the plaintiff. No foundation was laid for any such use of those declarations. Besides, if any such foundation had existed, the court should have instructed the jury, that, in determining, between the parties to the record, the true character of the sale, the subsequent declarations of Webb were competent only as impeaching his credibility as a witness.

It is also contended that the declarations and admissions of Spaulding, the plaintiff's agent, in controlling and disposing of the property, were evidence against the plaintiff. But this position cannot be sustained. What Spaulding and the Webbs did, in and about the management of the property after the sale, could be proven if it served to explain the nature and extent of plaintiff's possession. It was for the jury to say whether there was a real change of possession and control. But noth-

ing that Spaulding said, after the sale, to others, was compe-
tent upon the issue as to the character of the sale; that is,
whether it was made in good faith, or with the intent on the
part of Webb & Co. and the plaintiff to hinder and delay cred-
itors. Spaulding was plaintiff's agent to control and manage
the property. It was not within the scope of his agency to
make admissions or declarations as to the circumstances under
which, and the purpose for which, the plaintiff bought the
property. Such admissions or declarations are only recitals of
the details or circumstances of a past occurrence, and are not
proof of the existence of the occurrence. They constitute, in
their essence, hearsay evidence.

We are of opinion, upon the whole case, that the jury were
misdirected as to the law of the case, by those portions of the
charge which allowed them to consider as evidence the subse-
quent declarations or admissions of Webb and Spaulding, in
respect to the true character or nature of the sale to plaintiff.

The judgment is reversed, with directions to set aside the
verdict and award a new trial.

*Reversed.*