[No. 2780.  Decided February 18, 1898.]

AUGUST ANDERSON, *Respondent*, v. WILLIS H. WHITE, *Defendant*, R. R. DRUMMOND, *Garnishee, Respondent*, JOHN R. PALMER, *Intervenor, Appellant*.

FRAUDULENT CONVEYANCES — COLLUSION OF VENDEE — EVIDENCE — OBJECTIONS TO ADMISSION — WEIGHT OF TESTIMONY.

Where there is sufficient testimony to warrant the verdict of a jury, it will not be disturbed on appeal, although the weight of testimony may appear to the court to be the other way.

When an objection to the admission of testimony is once made clearly and distinctly, and the grounds of the objection are stated, it is not necessary that it should be repeated to every following question which falls within the objection.

Where collusion between a vendor and a vendee for the purpose of defrauding the former's creditors is charged, declarations of the vendor in regard to the property, which remained in his possession, made subsequent to the alleged sale, are admissible in evidence for the purpose of establishing the vendee's participation in the fraud charged.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.  Affirmed.

*Reid & Meade, (Ben Sheeks*, of counsel), for appellant: The rule is settled beyond all controversy, both by authority and in reason, that one who has parted with his interest in property cannot affect the right or title of his vendee by statements subsequently made.  Abbott, Trial Evidence, pp. 14, 740, 741; *Winchester, etc., Mfg. Co. v. Creary*, 116 U. S. 161 (Book 29, L. C. P. Co. 591; *Vrooman v. King*, 36 N. Y. 477; *Cuyler v. McCartney*, 40 N. Y. 223; *Newlin v. Lyon*, 49 N. Y. 661.

*Eric E. Rosling*, for respondent: We do not dispute the general proposition that one who has parted with his interests in property cannot affect the

title of his vendee by his declarations, and the authorities cited by appellant, in the main, support this rule. But we submit said authorities are not in point. Some of them refer to title in land, where the rule as to admissibility of such declarations is very different from cases of personalty. *Roberts v. Medbery,* 132 Mass. 101. And in the other cases the vendor did not remain in full and complete possession and control of the property as he did in the case at bar. When he does so remain, such declarations are not hearsay. *Elwood v. Saterlie,* 71 N. W. 13.

The opinion of the court was delivered by

DUNBAR, J.—The respondent, Anderson, commenced this action against defendant, White, in which action certain property was garnished in the hands of Drummond. Palmer, the appellant, intervened, claiming the property so garnished. White defaulted and Anderson took judgment against him, so that the question in issue was the right to the property garnished. The property garnished in the hands of Drummond consisted of two scows, which had formerly belonged to White, and certain money, the proceeds of the operation of those scows and other property, belonging to White. It was Palmer's contention that the property which was the subject of the bill of sale was received by him in payment of a debt owed to him by White. The bill of sale was recorded in Pierce county. Anderson's contention was that the bill of sale was not recorded in the proper county or counties, and that the same was made through a conspiracy between Palmer and White to defraud Anderson and other of White's creditors. A jury trial was had and verdict and judgment in favor of Anderson. Appellant makes but two assignments of error: First, that there was no evidence to justify the verdict, and, second, that over the objections of the appellant witness Patterson was permitted to detail what White had said to him

about the sale to Palmer, after the sale had been made.

The respondent moves to strike appellant's brief and affirm the judgment below, for the reason that the brief fails to make a reference in the statement of the case to the pages of transcript for verification, and fails to make an assignment of errors relied on for reversal. An inspection of the brief shows that the appellant's assignment of errors are made in the two particulars which we have above mentioned, and that the pages of the transcript are referred to where the error is alleged in relation to the introduction of objectionable testimony. The motion will therefore be overruled. On the merits, so far as the weight of testimony is concerned, an examination of this record convinces us that there was sufficient testimony to warrant the jury in coming to the conclusion that it did, and the verdict will therefore be binding on this court, even though in our judgment the weight of testimony was the other way. The only other error alleged in the brief is the admission of the testimony of the witness Patterson in relation to White's statement concerning the bill of sale. It is contended by the respondent that there was no sufficient objection to this testimony, but we think the objection was ample. When an objection is once made clearly and distinctly, and the grounds of the objection stated, it is not necessary that it should be repeated to every question that follows and which falls within the objection.

The testimony was as follows:

Q.—I will ask you, Mr. Patterson, if you had any conversation with Mr. White regarding the sale of his business and outfit to Mr. John R. Palmer?

Mr. Reid, counsel for intervenor.—Just wait a minute. The intervenor objects to that question on the ground that any statement made by Mr. White after the sale would not be binding upon him.

The Court.—I will allow you to ask the question.

Mr. Reid.—Note an exception on the part of the inter-venor.

A.—Not until after I came in from the camp, the 5th of March.

Q.—Will you tell the jury what that conversation was?

A.—Well, he called me in the room and told me he had made a bill of sale of his property. He did not tell me who to and I did not ask him. He said that he was pressed, that he had went security for some parties, as I understood it, and they had failed to pay him, and he was pressed to pay this, and he made this bill of sale to protect himself and the parties who had worked for him.

It is contended by the appellant that this testimony was inadmissible, for the reason that one who has parted with his interest in property cannot affect the right or title of his vendee by such statements, and several cases are cited to sustain this contention, notably, *Winchester, etc., Mfg. Co. v. Creary*, 116 U. S. 161 (6 Sup. Ct. 369). As a general proposition there is no doubt of the correctness of this rule, for as was said by the supreme court of the United States in the case above cited:

" After the sale the interest of the vendors of the property was gone; having become strangers to the title their ad-missions are no more binding on the vendee than the admis-sions of others. It is against all principle that declarations made after they had parted with the title and surrendered possession should be allowed to destroy the title of their vendee."

The court, however, distinguished the case then under consideration from cases in which there was proof of con-cert or collusion between the vendor or the vendee to de-fraud creditors, and in which subsequent declarations of the vendor were offered in evidence against the vendee to prove the true character of the sale, and where there was independent evidence to establish the fraud. The court found that Webb & Co., the vendors in that case, were not

in possession of the property within the meaning of the rule announced in cases that permits, in favor of creditors, proof of the declarations of the vendor of personal property, who is allowed after sale to control, manage and dispose of it just as he had before done, and found that the vendee was in actual possession, exercising by its agent full control, and that the agents, who were the vendors, entered the plaintiff's service as soon as the sale was made and possession was surrendered, but only as clerks or salesmen, with no authority, except such as employés of that character ordinarily exercise.   But the record in this case does not show this state of affairs.  In the first place, there had never been any change of possession, and if the vendor was acting as an agent only in his management of this property, it was a hidden agency, for he conducted the business in the same manner that he did before the alleged sale. Again, the jury was justified in finding that the bill of sale was not recorded in the county which was the home of the property;   the possession then remaining in the vendor, and the vendee himself, so far as his own testimony shows, treating the vendor as the owner, or at least the manager of the property, and receiving payments from him, which was the fruits of the business from Drummond, only on the order of the vendor, it seems to us are sufficient proof of independent actions in relation to the conspiracy to admit the testimony in relation to the statements made by the vendor concerning the transaction.   This principle was sustained by this court in *O'Hare v. Duckworth*, 4 Wash. 471 (30 Pac. 724), where the judgment of the lower court was reversed for refusing to admit testimony to the effect that the debtor had a conversation with a certain witness on the day the bill of sale was executed, in which he stated to the witness that he was indebted to various persons, and wanted witness to direct him to some good attorney upon

whom he could rely to fix up a transfer of his stock to some friends, so as to put his property in such shape that creditors could not get hold of it. In that case the court said:

" While it is no doubt true that if a party purchase property in good faith his title is not affected by any intent of his grantor, yet the intent of the grantor and grantee must both be ascertained, and it is not necessary that the fraudulent intent of both should be proven by the same transaction, but they may be proven by separate transactions or circumstances, and when they are proven the case of fraud is made out."

And among other cases cited in the opinion of that case, was *Landecker v. Houghtaling*, 7 Cal. 392, where it is alleged that the court erred in allowing the defendant to prove by one Neville that before the sale to plaintiff, Hertzinger, the grantor, proposed to make a fraudulent sale of a portion of his property to witness, and the supreme court said:

" We think the testimony was properly admitted. To support the allegation of the answer it was necessary to show a fraudulent design on the part of the vendor. It is true, that this of itself would be insufficient to vitiate a sale to an innocent purchaser without notice and for a valuable consideration; but the fraudulent intent of the grantor being established, the jury must determine from the circumstances of the case whether the purchaser participated in the fraud."

In this case, if the testimony admitted did not tend to show any fraud on the part of the vendor it was harmless, but if it did tend to show such fraud, then the jury would have a right to determine from all the circumstances whether the vendee participated in the fraud.

The judgment is affirmed.

Scott, C. J., and Anders, Gordon and Reavis, JJ., concur.