## KUHN et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
May 14, 1928.

No. 5162.

1. Conspiracy ⬿45—Declaration of one conspirator to another does not establish third person's connection with conspiracy.

Declarations of one conspirator to another are not competent to establish the connection of a third person with the conspiracy.

2. Conspiracy ⬿47—Conviction for conspiracy to export arms held not sustained as to one employed on ship as cabin boy, not shown to have been informed touching real object of voyage (Cr. Code, § 37 [18 USCA § 88]).

In prosecution under Criminal Code, § 37 (18 USCA § 88), for conspiracy to export arms and ammunition from United States to China in violation of Joint Resolution Jan. 31, 1922 (22 USCA §§ 236, 237), evidence *held* insufficient to sustain conviction as to person engaged on ship as cabin boy, who subsequently quit the enterprise, and was not shown to have been informed concerning the real object of the voyage.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

On petition for rehearing.

For original opinion, see 24 F.(2d) 910. Judgment reversed in part with directions, and former opinion modified as to one of defendants. Rehearing denied as to the others.

Frank J. Hennessy and Marshall B. Woodworth, both of San Francisco, Cal., for plaintiffs in error Chew Fook Gum and K. C. Lee.

Frank J. Hennessy, of San Francisco, Cal., for plaintiffs in error Wong Tai and Albert Moon.

James B. O'Connor and Harold C. Faulkner, both of San Francisco, Cal., for plaintiff in error Kuhn.

Williams, Kelly, McDonald & Barry, of San Francisco, Cal., for plaintiff in error Leong Chung.

Thomas T. Califro, of San Francisco, Cal., for plaintiff in error Leong Duck.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. [1, 2] Upon a re-examination of the record, we have concluded that we were in error in holding the evidence sufficient to warrant a finding beyond reasonable doubt that the defendant Moon participated in the enterprise, with knowledge of its unlawful character. The most material circumstance against him is that he was on or about the Talbot the night the arms were taken on board. But they were in boxes or cases, and he may very well have been ignorant of the contents, or of their destination. We think, too, we failed to attach due significance to the fact that Borresen, who freely gave evidence for the government, at no time testified that there was any communication to Moon touching the real object of the voyage. Moon is not shown to have had any connection with any of the parties prior to his employment, and Borresen came into contact with him through an employment agency, where he engaged him to act as cabin boy at $40 per month, apparently a reasonable compensation. For some reason not disclosed, Moon either quit or was dismissed while the Talbot was at Coos Bay, and thereafter, so far as we are advised, he had nothing more to do with the enterprise. True, Borresen testified that either Swinehart or Gum told him, but not

in the presence of Moon, that Moon should have a half share, or $500 interest. But, giving to the rules of evidence in conspiracy cases the widest reasonable latitude, we are aware of no principle under which the declaration of one conspirator to another is competent to establish the connection of a third person with the conspiracy. Accordingly, as to Moon, the judgment below will be reversed, with directions for further proceedings not inconsistent herewith.

The petitions for rehearing presented by the other defendants are thought to be without merit, and are denied.