## ROSENGARTEN et al. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1929.

No. 5250.

Lester S. Moll, of Detroit, Mich. (Douglas, Barbour, Moll & Wing, of Detroit, Mich., on the brief), for appellants.

Donald B. Frederick, Asst. U. S. Atty., of Detroit, Mich. (John R. Watkins, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM. Appellants Sam Kert and Sam Cohen were convicted under both counts of an indictment, charging in the first count the unlawful possession of intoxicating liquor and in the second count the maintenance of a nuisance, both as in violation of the National Prohibition Act. Appellant Joseph A. Rosengarten was convicted upon the nuisance count only.

The record contains numerous exceptions to individual items of evidence upon the ground of irrelevancy, the contention being that these items, standing alone, in no way tend to disclose the commission of crime or to connect the defendants therewith. The major premise being conceded, irrelevancy is plainly a non sequitur. Each item to which objection was made was directly relevant to some separate phase of the proof necessary to the prosecution, the general nature and use of the premises, the sale of intoxicating liquor therein, the connection of the several defendants with the maintenance of the establishment, etc. The ensemble convincingly disclosed the commission of the crime charged. As in all cases requiring proof by circumstantial evidence, the conclusion of guilt must follow beyond reasonable doubt from the facts and circumstances proved; but where there is, as here, substantial evidence to support every essential ingredient of the crime charged, the question is for the jury.

One of such exceptions was especially stressed. Upon search of the premises and vicinity, beer only was found, but whisky taken from a safe cabinet and locker located "about 50 feet down the alley" or "down about two doors" from the rear of the premises, was admitted in evidence without proof of ownership. There was proof, however, of sales of whisky upon the premises and of possession and sales of beer in violation of law. The evidence objected to was merely cumulative and offered a possible explanation of the source of supply of the whisky sold, and its weight was, we think, for the jury. There was no denial of nor evidence to indicate other ownership, and in this, as well as in the nature of the crime charged and the other proofs, the case differs materially from Siden v. U. S., 9 F.(2d) 241 (C. C. A. 8). See, rather, Moore v. U. S., 150 U. S. 57, 60, 14 S. Ct. 26, 37 L. Ed. 996; Fryar v. United States 3 F.(2d) 598 (C. C. A. 6).

Nor was Rosengarten convicted simply because present when the raid was made. De Gregorio v. U. S., 7 F.(2d) 295 (C. C. A. 2). He was not only present but had his coat and hat off, was apparently in charge of the restaurant portion of the single establishment, and upon arrest did not protest lack of connection with the management but gave orders as to the preservation of the food. There was evidence available of his presence there as a patron only, if such were the fact, and in the absence of any such suggestion we are of the opinion that his participation in the maintenance of the nuisance was sufficiently proved. Section 332, U. S. Criminal Code; 18 USCA § 550.

The contention that the samples of beer taken upon the raid were not sufficiently identified as the same as the samples of which chemical analysis was made is not open to consideration upon this record, which does not purport to contain all the evidence.

The judgment of the court below is affirmed.