## NIBBELINK v. UNITED STATES.
### No. 6452.

Circuit Court of Appeals, Sixth Circuit.
July 3, 1933.

Dean S. Face, of Grand Rapids, Mich., for appellant.

Fred C. Wetmore, of Grand Rapids, Mich., for the United States.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant was indicted, jointly with Ralph Van Staveren, Ed Van Staveren, and Fred Scott, upon four counts, the first charging the substantive offense of counterfeiting $5 national bank notes; the second, the possession of copper plates designed and adapted for printing such notes; the third, the possession of a large quantity of such counterfeit notes; and, the fourth, a conspiracy to counterfeit obligations of the United States. He was convicted on counts 1, 2, and 4, and acquitted on count 3.

The first contention of appellant is that the court erred in overruling his motions for directed verdicts made at the conclusion of all the evidence. We think the contention must be denied. The appellant owned a four-family apartment building in which he permitted Scott to use a vacant apartment. Scott had a printing press in the apartment. There is evidence to show that some experimental printing of counterfeit notes was done on this press; that later another press was obtained and placed in the garage for the apartment, and that the appellant saw the press in the garage; that thereafter he went with Scott to see movers to arrange for moving this press to Scott's home at Homewood Park; and that, after the arrangement was made, he returned with Scott to the apartment and helped the movers load the press on a truck, and then drove to Scott's home, where he assisted in unloading it and placing it in Scott's garage. It further appears that the press was later moved to the basement of Scott's house; that appellant visited the basement while counterfeiting operations were in progress and participated in conversations as to the appearance of the bills that were being made and the necessity of putting more yellow in the coloring; that in the course of the conversations appellant drew from his pocket a roll of bills and compared them with counterfeit bills on the table; and that while he was there more yellow was added to the ink that was being used in order to lighten the color of the bills. This evidence, in our opinion, was sufficient to submit the case to the jury on all the counts. Pierce v. United States, 252 U. S. 239, 251, 40 S. Ct. 205, 64 L. Ed. 542; Colletti v. United States, 53 F. (2d) 1017, 1018 (6 C. C. A.); Rosengarten v. United States, 32 F.(2d) 644, 645 (6 C. C. A.); Wolf v. United States, 292 F. 673, 675 (6 C. C. A.).

Although there was sufficient evidence to submit the case to the jury, we think a new trial must be ordered because of the admission in evidence of a declaration made by Scott prior to the acquisition of the second press to the effect that appellant had supplied funds for the purchase of the press, and that he was to have a one-fourth interest in the venture. All of the acts performed by

the appellant, as recited above, occurred subsequently to the making of this declaration. The only evidence which might be said to indicate appellant's connection with the conspiracy at the time the declaration was made is the fact that Scott was then occupying a vacant room or apartment in the appellant's apartment building. This circumstance was not enough, in our opinion, to authorize the admission of the declaration in evidence. Before the declarations of coconspirators can be received in evidence against one charged with participating in the conspiracy, it must be shown by independent evidence that the conspiracy existed and that the accused was a party to it at the time the declarations were made. Winchester & Partridge Mfg. Co. v. Creary, 116 U. S. 161, 166, 6 S. Ct. 369, 29 L. Ed. 591; Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 249, 38 S. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461; Minner v. United States (C. C. A.) 57 F.(2d) 506, 507, 509; United States v. Renda (C. C. A.) 56 F.(2d) 601, 602; Kuhn v. United States (C. C. A.) 26 F.(2d) 463. Proof of Scott's occupancy of a vacant room or apartment in appellant's building was not a sufficient showing of this precedent condition. When the statement was received in evidence, it undoubtedly gave a color and significance to the subsequent acts of appellant which the jury otherwise might not have ascribed to them, and for this reason we think its admission was prejudicial.

■ It is further urged by the appellant that it was error for the trial court to admit in evidence a written statement made by Scott while under arrest, which statement indicated the appellant's participation in the conspiracy. Scott was testifying for the appellant, and on cross-examination was asked if he had made the statement which was contradictory of the testimony he had given. In our opinion, there was no such showing of coercion as to render this statement inadmissible. Nor do we find any erroneously restrictive ruling of the court on the examination of Scott by counsel for appellant with respect to the statement. While counsel for the government objected to an examination of the witness as to the circumstances under which the statement was given, the court overruled the objection and directed counsel for the appellant to proceed, stating that proof of the circumstances might affect the weight to be given to the statement by the jury. The court properly imposed restrictions on the inquiries of counsel into the circumstance under which the witness Ralph Van Staveren first gave information implicating the appellant in the conspiracy. The statements of this witness were not introduced in evidence, and there is no claim that he was testifying under coercion at the trial as in Alford v. United States, 282 U. S. 687, 51 S. Ct. 218, 75 L. Ed. 624.

The judgment is reversed and the cause remanded for a new trial.

HICKENLOOPER, Circuit Judge (concurring).

While concurring in the judgment of reversal, I am of the opinion that it is unnecessary, and even inappropriate, that this court pass upon questions not decided by the court below. In the present case the District Court did not consider or decide whether the evidence, without the clarifying aid of Scott's declaration, made a case for the jury. As I have said, I doubt the necessity and propriety of a decision of this issue, at this time, thus precluding the free exercise of judgment by the District Court when that question is again raised.

I am also of the opinion that the sole purpose for which Scott's declaration was introduced in evidence, and the sole effect it could have had in the trial of the case, was to prove that appellant was one of the conspirators, and that for such purpose it was inadmissible. Hauger v. United States, 173 F. 54 (C. C. A. 4); Kuhn v. United States, 26 F.(2d) 463 (C. C. A. 9), certiorari denied 278 U. S. 605, 49 S. Ct. 11, 73 L. Ed. 533; Minner v. United States, 57 F.(2d) 506 (C. C. A. 10); Thomas v. United States, 57 F.(2d) 1039 (C. C. A. 10). The doctrine announced by the above cases should, in my opinion, be adopted in this circuit, as it has in the Fourth, Ninth, and Tenth circuits.