Robert L. TAYLOR, Appellant,

v.

UNITED STATES of America,
Appellee.

Louis E. BEECHAM, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 14397, 14398.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 11, 1958.

Decided Oct. 9, 1958.

Mr. Curtis P. Mitchell, Washington, D. C., with whom Mr. John A. Shorter, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., for appellee. Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, Thomas A. Flannery and John W. Kern, III, Asst. U. S. Attys., were on the brief for appellee.

Before EDGERTON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The appellants were convicted on several counts of an indictment charging violations of the gambling statutes. Count one charged that during the period from March 1, 1957, to May 29, 1957, appellants and one James Allen conspired to commit lottery offenses against the United States, that is, conspired to violate §§ 22–1501 and 22–1502, D.C. Code (1951). Allen was never arraigned or brought to trial.

■ During appellants' trial an undercover agent testified for the Government that Allen had informed him on April 19, 1957, that he had turned his numbers work over to appellant Taylor and was going to do the same that day. Appellants urge that the admission of this testimony over their objection was prejudicial error. The contention is that a defendant's connection with a conspiracy may not be established by the extra-judicial statement of an alleged co-conspirator made out of the presence of the defendant. We agree.

"[S]uch declarations are admissible over the objection of an alleged co-conspirator, who was not present when they were made, only if there is proof *aliunde* that he is connected with the conspiracy."

Glasser v. United States, 315 U.S. 60, 74, 62 S.Ct. 457, 467, 86 L.Ed. 680, and see Montford v. United States, 5 Cir., 1952, 200 F.2d 759, 760; May v. United States, 84 U.S.App.D.C. 233, 246–247, 175 F.2d 994, 1007–1008.

The Government counters that the declaration of one conspirator made during the existence of a conspiracy and in furtherance of its objects is admissible against all members of the conspiracy. Logan v. United States, 144 U.S. 263, 308, 12 S.Ct. 617, 36 L.Ed. 429. The difficulty with this position in the case at bar is that a reading of the record reveals insufficient evidence to warrant a conclusion that when Allen on April 19, 1957, made the statement involving appellant Taylor the alleged conspiracy had come into existence. The only evidence that might be said to indicate Taylor's connection with the alleged conspiracy at the time the declaration was made is the fact that on April 18, 1957, Allen was observed talking to Taylor. This was not sufficient, in our opinion, to establish the existence of a conspiracy. "But mere casual association is not proof of participation in a conspiracy." United States v. Moloney, 7 Cir., 1952, 200 F.2d 344, 347. "Presumptions of guilt are not lightly to be indulged from mere meetings." United States v. Di Re, 332 U.S. 581, 593, 68 S.Ct. 222, 228, 92 L.Ed. 210.

■ We shall reverse the conviction of appellant Taylor on the conspiracy count because of the erroneous admission of this prejudicial evidence of the undercover agent. And since it is quite probable that this evidence was also considered by the jury in connection with related count two, charging Taylor with the operation of a lottery, we shall also reverse the conviction of Taylor on that count. See Nibbelink v. United States, 6 Cir., 1933, 66 F.2d 178, 179; cf. McDonald v. United States, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153.

Appellant Taylor was convicted on count eight and appellant Beecham on count nine. These counts charged the illegal possession of lottery paraphernalia for use in a numbers game. Appellant Beecham was also convicted on the conspiracy count (count one) and the count charging operation of a lottery (count two). We affirm the convictions on counts eight and nine, and of Beecham on counts one and two. We think these convictions cannot be attributed in any degree to the evidence we have held was inadmissible against appellant Taylor, and we find no error affecting the substantial rights of appellant Taylor with respect to count eight or of appellant Beecham with respect to counts one, two, and nine.

The result is that the judgment of conviction of appellant Taylor on counts one and two will be reversed, and in all other respects as to both appellants the judgments will be affirmed.

It is so ordered.