**Robert WILLIAMS and Henry J. Williams, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17216.**

United States Court of Appeals Ninth Circuit.

April 27, 1961.

B. W. Minsky, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan and Edward M. Medvene, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG, and MERRILL, Circuit Judges.

BARNES, Circuit Judge.

Appellants Robert and Henry Williams were charged in several counts, and convicted in one and two counts, respectively, of concealing and transporting, *heroin* in violation of 21 U.S.C.A. § 174. William Allen, a co-defendant of appellants, was convicted on ten pleas of guilty of the sale or concealment and transportation of heroin. Apprehension of these defendants was effected by federal narcotics agents and Los Angeles County Sheriff's Deputies with the aid of Francis Jones, a special employee of the Federal Bureau of Narcotics. The district court's jurisdiction to try this offense rests upon 18 U.S.C. § 3231. This court has jurisdiction on appeal. 28 U.S.C. § 1291.

On June 21, 1960, Jones contacted Allen and told him that he would probably want to buy some heroin on the following day. On June 22, 1960, after contacting law enforcement officers, Jones again called Allen and agreed to meet him at his residence. Jones, supplied with $160.00 of government funds and a Fargo listening device, was taken by the officers to the vicinity of Allen's home. Jones entered Allen's residence, the government agents maintaining a fixed surveillance on the building. Jones waited with Allen until about 11:00 A.M., when a 1960 Blue Oldsmobile Sedan pulled up in front of Allen's house. Allen indicated that this was his connection, and requested Jones and two other persons in the building to wait in the back bedroom. Jones gave Allen $100.00 in government funds and then joined the two other men in the back bedroom. Robert Williams left the 1960 Blue Oldsmobile Sedan and walked to the door of Allen's house where Allen was waiting for him. Both men walked back toward Williams' car, and then, after a few moments returned to and en-

tered, Allen's house. Williams then left the residence, went to the passenger side of his car, picked up a package and returned to the residence. At approximately 11:20 A.M. Williams left the house, returned to his car and departed from the area. As soon as Williams had left the house, Allen called Jones into the room and gave him a condom containing heroin. Jones left the house and was under continuous surveillance until he met the law enforcement officers a short time later. He gave the officers the heroin and the remaining $60.00 of advance funds supplied by the government.

On June 24, 1960, substantially the same sequence of events transpired.

In the evening on July 7th, Allen called Jones and told him that he could get a half ounce of heroin for $125.00. The following morning, at 7:45 A.M. Allen called Jones again and told him that Robert "Bobby" Williams' brother, Henry "Sonny" Williams, would be at Allen's house about 9:00 A.M. Again Jones met with federal and local agents, was searched, supplied with government funds and a Fargo listening device, and was taken to the vicinity of Allen's residence. Jones entered Allen's residence and waited until about 10:50 A.M. when Henry "Sonny" Williams, driving a white 1959 Ford convertible drove past Allen's residence and blew the horn. Allen said, "Here he is now," and ran from the house. About five minutes later, Allen came back, got the money from Jones, and left. A few minutes later Allen returned and said that "Sonny" would call in about five minutes. Allen would then meet "Sonny" at Lorraine Walk and Gage streets to get the heroin. About ten minutes later the telephone rang and Allen, after conversing a short while, left the house. Allen walked along Lorraine Walk to Gage and entered Williams' car. A few moments later Allen left the car, ran back to his residence, and gave Jones the heroin.

After Allen had left the vehicle, "Sonny" Williams drove away from the area; being followed by two officers. While Williams was driving, officer Landry saw Williams "looking back" and apparently putting something in his mouth. When the officers arrested Williams they asked him to open his mouth, but he did not do so, until he had swallowed. The officer found, on Williams' person, $15.00 of the money that they had given Jones to purchase the heroin. Later the same day, Williams told a narcotics agent that he wasn't feeling well because he had swallowed some money.

Appellants raise two points in this appeal. First they contend that the trial court erred in denying their motion for a bill of particulars. Secondly, they claim that error was committed when the court admitted evidence of statements made by Allen outside the presence of appellants. We consider each matter in turn.

1. *Alleged error in denial of bill of particulars.*

Appellants claim that their motion for a bill of particulars should have been granted to inform them of (a) exactly when and where the heroin was sold; (b) the person to whom defendant allegedly sold and transferred the heroin; (c) whether the buyer at the time of the alleged sale was in the employ of the government; (d) whether the buyer was acting at the instance of the government at the time of the sale.

The indictment, itself, provided notice of the days on which the transactions occurred, though not of the exact time of day. The indictment also revealed the name of the person to whom the heroin was sold. In this connection, however, it should be noted that appellants were not convicted on charges of *selling* narcotics; they were convicted only of concealing and transporting narcotics, or facilitating such actions.

With the foregoing in mind, we find only one of appellants' allegations to be significant. The exact location of the alleged offense may very well be a fact essential to the preparation of a defense to charges of concealing and transporting heroin. A defendant is entitled to a bill of particulars insofar as it is

necessary to enable him adequately to prepare a defense. Rodella v. United States, 9 Cir., 1960, 286 F.2d 306, 310. It would seem then, that the trial court's failure to grant a bill of particulars, to the extent of revealing the exact geographical sites of the alleged offenses, might be an abuse of discretion. Under the circumstances of this case, however, there was, we believe, no abuse of discretion. An abuse of discretion does not occur unless defendants are actually surprised in the progress of the trial; it must appear that appellants' substantial rights have been prejudiced by the denial of the bill. Schino v. United States, 9 Cir., 1954, 209 F.2d 67, 70.

In the instant action, the government filed its trial memorandum, revealing the exact location of the June 22 and June 24 transactions, on September 8, 1960, one week before trial. Appellants' bland assertion that they were surprised is not supported by anything more significant than the further allegation that there was no way for them adequately to prepare their case. These conclusory statements, of course, do not support a claim of prejudice to appellants' substantial rights. Nor did appellants at the time of trial make any showing of surprise; ask for any continuance of the trial; or rely on any alleged prejudice on their motion for new trial. They urge their legal position now at too late a date.

2. *Alleged error in admission into evidence of co-defendant Allen's statement, made in the absence of appellants.*

Appellants contend that Allen's statements made to Jones, gave color to the acts of appellants. Such statements, made outside the presence of appellants, could not, appellants assert, be admitted in evidence without independent proof of a conspiracy between Allen and appellants.

In Fuentes v. United States, 9 Cir., 1960, 283 F.2d 537, we summarized the case law relevant to the same contention appellants here make. We reaffirm

what we there held (at pages 539, 540). Clearly no charge or proof of conspiracy need be produced in order to justify the admission of a confederate's statements, made in the defendant's absence. Such third party statements may be admitted if there is adequate independent evidence of a concert of action between the third party and the defendants. In the case at bar, the observations of the several law enforcement officers and special employee Jones, unsupported by any reference to Allen's declarations, constitute facts sufficient to establish a concert of action between Allen and appellants. To repeat the evidence, without any reference to Allen's statements, it is established that Robert Williams arrived at Allen's house on June 22, 1960. At that time the only persons in Allen's residence were Allen, Jones and two others, the last three named being in the back bedroom when Williams entered the house. Williams went to the door of the house and met Allen; Williams then left the residence and removed a package from his car. Williams next entered the residence and remained a few moments. When Williams left, Allen gave Jones the heroin. A repetition of these events occurred on June 24, 1960. It is a fair inference from such data, that appellant Robert "Bobby" Williams and Allen were acting in concert.

Again without reference to any statements by Allen, it is established that Henry "Sonny" Williams drove to Allen's house on July 8, 1960, and sounded his car horn. Allen, thereupon ran from his house, returning about five minutes later. Jones then gave Allen $150.00 of government funds. Allen departed and in a few minutes returned. After receiving a telephone call, Allen again departed and walked to the intersection of Lorraine Walk and Gage where he entered Williams' car. After a short time Allen left the car, returned to his residence and gave Jones the heroin. In the meantime, Henry "Sonny" Williams was apprehended and found to be in possession of some of the money ($15.00) which Jones had

previously given Allen. Again the data is sufficient to support an inference that Henry "Sonny" Williams and Allen were acting in concert.

The cases relied upon by appellants (Bartlett v. United States, 10 Cir., 1948, 166 F.2d 920; Braatelien v. United States, 8 Cir., 1945, 147 F.2d 888; Nibbelink v. United States, 6 Cir., 1933, 66 F.2d 178; and Kuhn v. United States, 9 Cir., 1928, 26 F.2d 463) are distinguishable. All deal with situations where actual conspiracy is charged, and the coconspirators' statements are admitted in order to link defendants with the conspiracy. Here conspiracy was not charged, and Allen's statements were admitted to prove that appellants had committed certain substantive acts. Furthermore, the cases relied upon by appellants stand only for the proposition that the declarations of a coconspirator cannot be admitted against another conspirator unless independent evidence tends to establish the existence of the conspiracy and the third party's connection with it. Such independent evidence, of course, may be and usually is entirely circumstantial. Bartlett v. United States, 10 Cir., 1948, 166 F.2d 920, 925. As we have seen, there is circumstantial evidence in the instant case which tends to establish a concert of action between each appellant and Allen.

■ Of course, appellant Robert Williams, while admitting the visits described hereinabove on June 22 and 24th, 1960, to Allen's house, and appellant Henry Williams, admitting the meeting on July 8th, 1960, at Lorraine Walk and Gage streets, each by use of the respective automobiles described by the various witnesses, ascribe such contact to innocent purpose and friendly companionship with codefendant Allen. At best, this creates a conflict in the evidence, decided adversely to appellants by the trial court. Such factual determination is not clearly erroneous. It is therefore binding on this court.

Finding no error, we affirm.