Robert Darrell YEARGAIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18186.

United States Court of Appeals
Ninth Circuit.

March 11, 1963.

John F. Bremer, Downey, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and A. Robert Throckmorton, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and PENCE, District Judge.

PER CURIAM.

Appellant appeals from a conviction by the trial court of two counts of violating Section 472 [1] of Title 18 United States Code, uttering counterfeit money. It is undisputed that the money passed in each instance was counterfeit. While some question of identification of the appellant as the "passer" was made below, that point, decided adversely to appellant, is not raised on appeal.

The primary question raised is this:

Is the fact appellant testified he "washed" a counterfeit $20 bill (a statement proved false by expert testimony, if the expert was believed) sufficient to permit the jury to infer a guilty knowledge on the part of appellant that the bills were counterfeit, i. e., that he had an intent to defraud?

■■ We hold this was a question of fact to be determined by the trier of fact; a determination we will not disturb. Sandez v. United States, 9 Cir., 1956, 239 F.2d 239. We must view the evidence and all inferences to be drawn therefrom in the light most favorable to the government. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; C-O-Two Fire Equip. Co. v. United States, 9 Cir., 1952, 197 F.2d 489, cer-

tiorari denied 344 U.S. 892, 73 S.Ct. 211, 97 L.Ed. 690.

A second and secondary question raised is whether the trial court erred in granting two but denying three of the five items requested in a Bill of Particulars.

Items 1 and 2, plus the indictment returned, informed appellant as to (1) the denominations of the two bills; (2) that they were Federal Reserve Notes; (3) the date of passing; (4) the exact time of day; and (5) the state, county, city and exact street location where each bill was allegedly passed.

Denied to appellant were the names of the persons receiving the bills, and the time and place where those who received the bills first "became aware" or "discovered" the bills were counterfeit. Eleven days before trial the government advised appellant's counsel who the recipient of each bill was.

■■ The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense, and enable him to prepare an intelligent defense. Remmer v. United States, 9 Cir., 1953, 205 F.2d 277, 281. A defendant is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case. Remmer v. United States, supra, p. 282; United States v. Caserta, 3 Cir., 1952, 199 F.2d 905.

■ The granting or refusal to grant the bill of particulars is a matter within the sound discretion of the trial court. Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Rodella v. United States, 9 Cir., 1960, 286 F.2d 306, 310, certiorari denied 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199.

■ Its function is not to provide a defendant with names of government witnesses. Duke v. United States, 9 Cir., 1958, 255 F.2d 721, 729.

---

1. "§ 472. *Uttering counterfeit obligations or securities*

"Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

Appellant's substantial rights were not prejudiced, and no showing of surprise was made at the trial, nor any continuance asked. Williams v. United States, 9 Cir., 1961, 289 F.2d 598; Schino v. United States, 9 Cir., 1954, 209 F.2d 67, 69–70.

A reading of the entire transcript clearly indicates appellant received a fair trial. No error has been established.

The convictions are Affirmed.