**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**William David GLADHART,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Emily Sharon Gladhart, Defendant—**
**Appellant.**

**Nos. 02–30284, 02–30292.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 13, 2003.

Before: B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Emily Sharon Gladhart and William David Gladhart appeal their convictions for making materially false statements to the Bank of Latah in connection with the renewal of a business loan to their corporation, Christy Manufacturing, Inc., in violation of 18 U.S.C. § 1014. The Gladharts challenge the sufficiency of the evidence adduced at their trial, and they contend that they must be granted a new trial because of alleged prosecutorial misconduct that occurred before their grand jury. They also argue that the district court erred in denying them a bill of particulars and a special verdict form for the jury to indicate which statement or statements it unanimously found the Gladharts made in violation of § 1014. We affirm.

### I. Sufficiency of the Evidence & Verdict Form

■ We review de novo the district court's determination that the evidence was sufficient for a rational jury to find the essential elements of the offense beyond a reasonable doubt. *See United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). If a defendant testifies, a jury may disbelieve the testimony, *see United States v. Scholl,* 166 F.3d 964, 979 (9th Cir.1999), and may deem the untruthfulness of the

defendant to be "positive evidence of the opposite to which he [the defendant] testified." *United States v. O'Looney,* 544 F.2d 385, 391 (9th Cir.1976).

At trial, the defendants took the stand and testified. The jury was asked to determine whether the Gladharts knowingly had failed to disclose that they had transferred real property in Arizona to their son and that Christy Manufacturing, Inc., owed approximately $ 37,000 in back rent to William Stoddard. As to each allegedly false statement, documentary and other evidence indicated that the Gladharts did not reveal the true state of their personal and corporate financial affairs to the bank. Although the Gladharts' testified that they had fully disclosed the transfer of the Arizona property and that they believed that all the rent that their company owed had been revealed, the jury was entitled to disbelieve that testimony. Accordingly, it rationally could have found the essential elements of the offense beyond a reasonable doubt, and we hold that the evidence was sufficient regarding each of the statements at issue. Because the evidence was sufficient as to each of the statements, we also hold that there is no need to reverse the Gladharts' convictions because the verdict form did not indicate which statement or statements were the basis of the convictions.

### II. Prosecutorial Misconduct Before the Grand Jury

■ The Gladharts argue that they must receive a new trial because of alleged misconduct that the prosecuting attorney committed during the grand jury proceedings. The district court found that no misconduct occurred and denied the request for a new trial. We review the district court's decision to deny a new trial

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for an abuse of discretion. *United States v. Murillo,* 288 F.3d 1126, 1140 (9th Cir. 2002).

A conviction following a jury trial generally indicates that any prosecutorial misconduct before the grand jury was harmless beyond a reasonable doubt. *United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). We find no circumstances in this case that warrant an exception to the general rule, and accordingly, we hold that the district court did not abuse its discretion in denying the Gladharts' motion for a new trial on this ground.

### III. Sufficiency of the Indictment and Denial of Bill of Particulars

■ Mr. Gladhart alleges that the district court erred in denying his motion for a new trial because the indictment was insufficient and the court denied his request for a bill of particulars. We review the sufficiency of the indictment de novo and the district court's denial of a request for a bill of particulars and its denial of a motion for a new trial for abuse of discretion. *See United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999) (sufficiency of indictment); *United States v. Peterson,* 140 F.3d 819, 821 (9th Cir.1998) (new trial); *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir.1984) (bill of particulars).

We hold that the indictment was adequate and the district court did not abuse its discretion in denying the motion for a new trial and the request for a bill of particulars. "Generally an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Woodruff,* 50 F.3d 673, 676 (9th Cir.1995). Similarly, the "purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described

offense, and enable him to prepare an intelligent defense." *Yeargain v. United States,* 314 F.2d 881, 882 (9th Cir.1963). The Gladharts' indictment clearly covered the conduct for which they were convicted and informed them of the statutory elements of the crime with which they were charged, and thus was adequate under Fed.R.Crim.P. 7. In its response to the request for a bill of particulars the government stated that the false statements included "failure to disclose in their personal financial statement that they [the Gladharts] had transferred the ownership of property in Arizona to their son" and the failure "to disclose the true financial picture of the business, in that they failed to reveal the extent of their debt to William Stoddard." Because the indictment was adequate and the government revealed the specific statements for which it was prosecuting the defendants, the district court did not abuse its discretion in denying the request for a bill of particulars. *See United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir.1979) (bill of particulars is unnecessary is indictment is adequate and there is full discovery).

### IV. Admission of Evidence

Mr. Gladhart contends that a new trial must be granted because the government improperly introduced evidence relating to the liquidation of the assets of Christy Manufacturing, Inc., and to other events. The government filed a pretrial notice that it intended to introduce this evidence and the Gladharts raised no objection before or at trial. The district court did not abuse its discretion denying a new trial on the ground that the challenge was waived under Fed.R.Evid. 103(a)(1), and the Gladharts have not shown plain error affecting their substantial rights. *See* Fed.R.Evid. 103(d).

### V. Conclusion

Because the Gladharts' arguments are without merit, the judgment of the district court is

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.