**UNITED STATES of America, Appellee,**

v.

**Charles Lenwood BUTLER, Appellant.**

No. 12226.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1968.

Decided Dec. 2, 1968.

Harold Buchman, Baltimore, Md., (Court-appointed counsel) for appellant.

Alan B. Lipson, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., and Alan I. Baron, Asst. U. S. Atty., on brief) for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

WINTER, Circuit Judge:

Defendant was convicted of robbing the Southern Maryland Bank and Trust Company at Oxon Hill, Maryland. He was sentenced to a term of fifteen years, subject to the provisions of 18 U.S.C.A. § 4208(a) (2). He appealed, contending that the December Term, 1966, grand jury which indicted him was illegally selected and that his identification by two bank employees and two other eye-witnesses, at trial, was fatally infected as a result of a prejudicial "photographic line-up" by the F.B.I. Finding no merit in either contention, we affirm.

– I –

■ Defendant's motion to dismiss his indictment was a part of the proceeding, United States v. Cohen, 275 F. Supp. 724 (D.Md.1967), which we considered in United States v. DiTommaso and United States v. Waugaman, 405 F.2d 385, decided this day. There we held that the December Term, 1966,

grand and petit juries were *not* selected in violation of the statutory and constitutional standards prescribed for the selection of jurors. Defendant makes no new or additional contentions in this regard beyond those considered in those cases and what we said there is dispositive of defendant's point.

## – II –

█ The crime of which defendant was accused occurred on December 6, 1966. Photographs were shown by the F.B.I. to witnesses, four of whom testified and identified defendant as a perpetrator of the crime at trial, on December 9, 1966. The record does not clearly disclose when defendant was taken into custody; but in argument, the parties are agreed that defendant was not in custody when the photographs were exhibited to the witnesses.

Thus, there is not in this case the factual basis for the point which divided us in United States v. Marson (4 Cir. 1968). Defendant's contention rests solely on Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), which held "that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See also, United States v. Marson, supra; Palmer v. Peyton, 359 F.2d 199 (4 Cir. 1966). *Simmons*, defendant contends, requires reversal of his conviction; because, of the at least thirteen photographs shown the witnesses, two were of the defendant and one of these, unlike any of the other photographs shown the witnesses, showed him in a uniform with the letters "Spec. Pol." (special policeman) appearing on the front of it.

At the outset, we note that in *Simmons* six photographs of the defendant, out of an undisclosed total number, were exhibited to the witnesses and the Court, although it characterized the identification procedure as having "in some re- U.S., at 385–386, 88 S.Ct. at 972), upheld the conviction. Our examination of the photograph of defendant in a uniform with special lettering discloses that the dark clothing was not notoriously a uniform and that the special lettering, although it did appear, was photographed at an angle, so that its legibility was adversely affected, to the end that the lettering does not appear as a flag to draw attention to that particular photograph.

Balanced against the two considera- spects fallen short of the ideal" (390 tions advanced by defendant are other factors directed to be considered by *Simmons* in a determination of the overall possibility of misidentification. Three of the witnesses who made positive identifications of defendant clearly had the opportunty to observe defendant at close range under lighted conditions, and of these one was a bank teller who had experienced other robberies, who had remained calm during this robbery, and who had been trained to observe carefully the face and appearance of persons who came into the bank. The bank manager, who, too, had full opportunity to observe defendant and who purportedly identified defendant at trial but admitted that he could not be "positive" in his identification, also was exhibited the photographs. His uncertainty confirms our reaction from our examination that neither the number of the photographs nor the nature of one of them was so suggestive as to create a substantial likelihood of misidentification.

The record is barren of any suggestion that any F.B.I. agent made any comment to any witness having the effect of drawing attention to any photograph, and there was positive evidence that no witness made any comment to indicate that he considered that either of the photographs of defendant was any different from the photographs of other persons which the witnesses saw. All of

the photographs were admitted into evidence and all of the witnesses cross-examined searchingly about their identification testimony, so that their credibility as to identification was fairly and fully submitted to the jury.

We conclude that on this record the photographic identification procedure was *not* so impermissibly suggestive as to give rise to any substantial likelihood of irreparable misidentification.* The judgment appealed from is

Affirmed.

---

* Because of this conclusion, we do not consider the applicability and validity of 18 U.S.C.A. § 3502, as added by § 701 of the Omnibus Crime Control and Safe Streets Act of 1968. P.L. 90–351.