437 F.2d 1253
 UNITED STATES of America, Plaintiff-Appellee,
v.
Zabedee Thomas ELLIOTT and Rufus Edwin Harris, Defendants-Appellants.
No. 29867 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 3, 1971.
 
 Andrew J. Hill, Jr., Lavonia, Ga., Guy B. Scott, Jr., Athens, Ga., for defendants-appellants.
 John W. Stokes, Jr., U.S. Atty., Atlanta, Ga., Robert L. Smith, Asst. U.S. Atty., for plaintiff-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, Zabedee Thomas Elliott and Rufus Edwin Harris, appeal from a judgment of conviction for violation of 26 U.S.C. 5601(a)(12) 5604(a)(1) and 5205(a) following a jury verdict of guilty.[1] We outline the important facts. In rural Georgia, somewhere near the town of Martin, in the early morning hours of September 9, 1969, appellants consummated a sale of 60 gallons of bootleg liquor to Johnnie Ballew, a special employee of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service, and George Farmer, an undercover agent for the FBI. The sale had been previously arranged in a telephone conversation between Agent Farmer and Isaac Childers, an alleged aider and abettor. On September 11, 1969 a second sale of 45 gallons took place in substantially similar circumstances. Appellant Elliott was not present at the second sale.
 
 
 2
 Immediately following the September 9 sale, Agent Farmer returned to Athens, Georgia, where he was shown approximately 12 photographs of known liquor law violators. There is no showing that this examination of photographs was conducted in improper circumstances that were 'impermissively suggestive' or that there was a 'likelihood of irreparable misidentification.' See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). From these pictures he identified the appellants. Accompanied by two people familiar with the area, he then returned to the scene of the sale and ascertained that it had transpired in Stephens County, Georgia.
 
 
 3
 Appellants urge three objections to the testimony of Agent Farmer at the trial: (1) his identification of appellants, (2) his testimony concerning a conversation with Isaac Childers, and (3) his testimony that the sale occurred in Stephens County. We find no merit in these contentions and affirm.
 
 
 4
 Agent Farmer made no unequivocal in-court identification of both appellants based on his personal knowledge of the sale and their appearance when he dealt with them. This testimony was not hearsay. Appellants nevertheless argue that the prior identification of them by photograph was somehow reversible error. The in-court identification would be tainted by the earlier photographic identification procedure only if it could be shown that the procedure was 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Ervin, 436 F.2d 1331 (5th Cir. 1971). Our examination of the records reveals no such circumstances. Moreover, appellants had full opportunity to cross-examine Agent Farmer and made no attempt to produce the photographs for examination by the jury. Thus, we find no fault in the government's identification procedure. Rech v. United States, 410 F.2d 1131 (10th Cir. 1969), cert. denied 396 U.S. 970, 90 S.Ct. 457, 24 L.Ed.2d 438 (1970); Dade v. United States, 132 U.S.App.D.C. 229, 407 F.2d 692 (1968); United States v. Butler, 405 F.2d 395 (4th Cir. 1968), cert. denied 396 U.S. 853, 90 S.Ct. 114, 24 L.Ed.2d 102; United States v. Sacasas, 381 F.2d 451 (2d Cir. 1967).
 
 
 5
 Upon the government's proffer of Agent Farmer's testimony concerning his conversation with Isaac Childers, appellants objected. The court admitted the evidence after instructing the jury that the testimony was admissible against appellants only if they believed Childers was involved in a conspiracy with appellants. Similar instruction was given in the court's charge to the jury. Appellants made no objection at trial to either instruction, but now assign as error the failure of the court to require proof of a conspiracy beyond a reasonable doubt. In the circumstances of this case, even if the objection had been timely raised, we would not find reversible error. Appellants were not charged with conspiracy as such;[2] and the court fully and fairly instructed the jury on reasonable doubt at the beginning and end of the charge. The evidence clearly shows that they were confederates in the commission of the crimes charged and that they acted in concert. Moreover, we have found no case, and appellants cite none, that requires the prosecution to prove conspiracy 'beyond a reasonable doubt' as a prerequisite to the introduction of an admission by a co-conspirator. See United States v. United States Gypsum Co., 333 U.S. 364, 388-393, 68 S.Ct. 525, 92 L.Ed. 746 (1947); Rogers v. United States, 334 F.2d 83 (5th Cir. 1964); United States v. Sapperstein, 312 F.2d 694 (4th Cir. 1963); Williams v. United States,289 F.2d 598 (9th Cir. 1961); Montford v. United States, 200 F.2d 759 (5th Cir. 1952).
 
 
 6
 Finally, appellant asserts that because Agent Farmer returned with two men who knew the area to determine that the sale had transpired in Stephens County, his testimony to that effect is inadmissible hearsay. Our examination of Farmer's testimony shows ample evidence to indicate that he arrived at an independent determination of the county of sale by pooling his and his companions' knowledge of the area. The decision of the trial court to admit the testimony was not clearly erroneous.
 
 
 7
 Affirmed.
 
 
 
 [1]
 The indictment contained four counts. Harris was convicted on all counts and Elliott on counts 3 and 4. Counts 1 and 2 charged violations on September 11, 1969, and counts 3 and 4 charged violations on September 9, 1969
 
 
 [2]
 In each count of the indictment it is charged that Childers, Elliott and Harris (in addition to two others) 'aided and abetted by each other, did unlawfully, wilfully and knowingly' commit the violations for which they were indicted