Willie **KIMBROUGH**, Appellant,

v.

**J. D. COX, Superintendent Virginia State Penitentiary, Appellee.**

No. 14754.

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1971.

Decided June 7, 1971.

William P. Robinson, Jr., Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen., on brief) for appellee.

Before BOREMAN, WINTER, and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

■ Willie Kimbrough, serving a twenty year sentence for robbery committed in July, 1968, appeals the district court's denial of his petition for habeas corpus. Kimbrough's primary contention is that photographic pretrial identification procedures were so unnecessarily suggestive as to deprive him of due process of law. Applying the test of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), we reverse.

Two weeks after the robbery of a Western Union office, police received an unsolicited call from Kimbrough's estranged wife accusing him of the robbery. She also furnished the police with five or six photographs of Kimbrough. A detective went to the home of the money order clerk who had been robbed and exhibited the Kimbrough pictures, but no others, to her. She identified Kimbrough from his pictures as the robber. Later, immediately before the preliminary hearing, a detective again showed Kimbrough's pictures, but no others, to the clerk and to two of her co-workers. They identified Kimbrough from the pictures and again identified him personally at the hearing.

At Kimbrough's trial two months later, the same three witnesses made in-court identifications of Kimbrough. While being questioned by the prosecuting attorney on direct examination, two of the witnesses bolstered their in-court identifications by testifying that they had previously recognized Kimbrough from his pictures.

In Simmons, the Supreme Court noted the suggestive nature of pretrial identification from photographs.

"Even if the police * * * follow the most correct photographic identi-

Frank T. Read, Durham, N. C. (court-assigned) for appellant.

fication procedures and show the pictures of a number of individuals without indicating whom they suspect, there is some danger that the witness may make an incorrect identification. This danger will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw." 390 U.S. at 383, 88 S.Ct. at 971.

Despite the hazards of photographic identification, the Court recognized that its use was often necessary to exonerate the innocent promptly as well as to implicate the guilty. Balancing necessity against the danger of misidentification, the Court held that:

"each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." 390 U.S. at 384, 88 S.Ct. at 971.

Applying that test to the facts of *Simmons*, the Court found the identification admissible. There, on the day following the crime, the police showed the victim several group photographs portraying Simmons, his accomplice, and several others. The officers gave no indication that their investigation had led them to suspect Simmons. In such circumstances, the necessity for using this procedure overshadowed the danger of misidentification. It was important for the law enforcement officials to know whether they were on the right track, and this could be ascertained while the events of the crime were still fresh in the victim's memory.

The circumstances of Kimbrough's identification stand in stark contrast to those in *Simmons*. The display of pictures of Kimbrough alone was the most suggestive, and therefore the most objectionable, method of pretrial identification. Cf. Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966). Even if the police investigator did not expressly say so, it was obvious that Kimbrough was the only suspect. On these facts, there can be no justification of necessity. It would have been a minor inconvenience for the investigating officer to have obtained other photographs of subjects generally fitting the robber's description. See Mason v. United States, 134 U.S.App.D.C. 280, 414 F.2d 1176, 1182 (1969); cf. United States v. Butler, 405 F.2d 395, 396 (4th Cir. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 114, 24 L.Ed.2d 102 (1969).

The lapse of time between the crime and the identification, coupled with the rather unusual way in which the police focused upon Kimbrough, created a very substantial likelihood of misidentification. With the passing of two weeks, this was no longer a question of getting a quick identification while memories were still fresh. Until Mrs. Kimbrough called, so far as the record indicates, the police had no reason to suspect Kimbrough, and at trial no evidence other than the identifications was offered to connect Kimbrough with the robbery. Moreover, the evidence indicates that Mrs. Kimbrough's implication of her husband did not stem from a feeling of civic duty. At her husband's instigation, she had just been convicted of cohabitation, and she had sworn revenge.[1] At the time of the robbery, they were separated and had just gone through a custody fight. Unlike *Simmons*, where the police had already accumulated some evidence linking Simmons with the crime, the decision to present Kimbrough as the only suspect was based on rather flimsy suspicion.

The display of Kimbrough's photographs to all three witnesses just prior to his preliminary hearing was also unnecessarily suggestive. No purpose

---

1. Under state law, Mrs. Kimbrough could not testify against her husband, and therefore she was not subject to cross-examination. The testimony regarding her motive came from other witnesses.

could be served by obtaining a photographic identification mere minutes before a personal identification, and the suggestive character of showing pictures of Kimbrough only is apparent. See *Simmons*, 390 U.S. at 386 n. 6, 88 S.Ct. 967. It not only reinforced the previous photographic identification by the clerk; it needlessly infected the identification by her two co-workers who admittedly did not observe the robber as thoroughly.

■ Generally, a sufficient remedy is provided by an evidentiary hearing to determine whether in-court identifications were based on observations other than illegal procedures or whether the admission of improper out-of-court identifications as a part of the prosecution's proof constituted harmless error. E. g., United States v. Wade, 388 U.S. 218, 239, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 272, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). An evidentiary hearing, however, will not provide an adequate remedy for Kimbrough. The only evidence of his guilt was the testimony that three witnesses recognized him as the robber. In view of this, every fact pertaining to identification was important, and it cannot be said that the prosecution's introduction of the impermissible photographic identifications to strengthen its case was "harmless beyond a reasonable doubt." Chapman v. California, 386 U. S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Kimbrough, therefore, is entitled to a new trial, at which the prosecution may not rely on the photographic identifications. Moreover, in-court identifications should be admitted on retrial only if the prosecution can establish by clear and convincing evidence that they were based on observations of Kimbrough other than the photographic identifications. United States v. Wade, 388 U.S. 218, 240, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); Mason v. United States, 134 U.S.App.D.C. 280, 414 F.2d 1176, 1182 (1969).

In view of our disposition of the case, it is unnecessary to consider Kimbrough's other claims.

The judgment of the district court is reversed, and this case is remanded with directions to grant the writ unless the state retries Kimbrough within a reasonable time.

Reversed and remanded.