**UNITED STATES of America,**
**Appellee,**

v.

**Pearlie Donald WORKMAN, Appellant.**

**No. 72-1797.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1972.

Decided Dec. 7, 1972.

---

Larry W. Pitts, Newton, N. C. (Stanley J. Corne, Corne, Warlick & Pitts, Newton, N. C., on brief), for appellant.

David B. Sentelle, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty. for Western District of North Carolina, on brief), for appellee.

Before WINTER, BUTZNER, and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

Pearlie Donald Workman appeals from his conviction of possessing sugar intended for use in making liquor in violation of the Internal Revenue Code. Workman claims that the pretrial photographic identification procedure which led to his in-court identification was unnecessarily suggestive and deprived him of due process of law. We vacate the judgment of the district court and remand the case for a new trial.

A federal agent investigating bootlegging attempted to halt a pickup truck that he had observed departing from Workman's residence. Instead of stopping for the agent, the driver, whom the agent could not identify, drove across an open field to woods where he abandoned the vehicle and escaped. The agent found that the truck contained a large quantity of sugar, which, through markings on one of the packages, he traced to a grocery store in Shelby, North Carolina. To learn the identity of the purchaser, the agent showed a photograph of Workman to the manager of the store. The manager said that the purchaser appeared to be older than the man in the picture, but he noted a resemblance. He volunteered that the same person had purchased large amounts of sugar on two other occasions. Workman was subsequently arrested and photographed. The agent then showed the new picture to the manager, who said that it looked like the person who had purchased the sugar. Just before trial, the agent again showed the photograph to the witness. Over the objection of Workman's counsel, the manager testified that Workman was involved in the purchase of large quantities of sugar on three oc-

casions. He admitted, however, that his in-court identification depended on the photographs.[1]

In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Court, though recognizing that initial identification by photograph may result in convictions based on misidentification, nevertheless refused to prohibit the practice because of its utility in apprehending offenders and protecting innocent suspects. Instead, it ruled "that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." 390 U.S. at 384, 88 S.Ct. at 971. After discussing the hazards of photographic identification, Mr. Justice Harlan, writing for the Court, specifically cautioned that the danger of misidentification "will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw . . . ." 390 U.S. at 383, 88 S.Ct. at 971. We applied the sanction that *Simmons* directs in Kimbrough v. Cox, 444 F.2d 8 (4th Cir. 1971), where the only evidence of guilt consisted of eyewitness identification by persons who had been shown only a photograph of the defendant.

■■  Here, as in *Kimbrough*, it was improper for the investigating officer to display only photographs of a single suspect to an eyewitness. Preparation of a photographic spread containing pictures of different people is a minor burden for an investigator when measured against the potential prejudice to the accused. Moreover, the likelihood of in-court misidentification was increased by the officer's subsequent use of Workman's photograph to refresh the memory of the witness the morning of the trial, a practice condemned in *Kimbrough*, 444 F.2d at 10.

■  We hold that the procedure used to obtain the manager's pretrial photographic identification was so impermissibly suggestive that the probability of misidentification was substantial. The government did not introduce this evidence when it presented its case in chief, and the facts concerning the pretrial photographic identification were disclosed on voir dire. Ordinarily, therefore, we would remand for a hearing to determine whether clear and convincing evidence established that the in-court identification was not based on the pretrial identification. *Cf.* United States v. Wade, 388 U.S. 218, 239, 87 S. Ct. 1926, 18 L.Ed.2d 1149 (1967). However, this step is unnecessary because, as we have noted, the manager's voir dire testimony established that his in-court identification was based on the improper pretrial photographic identification. Since his in-court identification did not have an independent origin, it was inadmissible.

■  Apart from the manager's identification, the government introduced only scant circumstantial evidence linking Workman to the crime. It is apparent, therefore, that the manager's in-court identification was not harmless beyond a reasonable doubt. *See* Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967). Admission of this evidence was prejudicial er-

---

1. During the voir dire hearing on the admissibility of the store manager's in-court identification of Workman, the following colloquy occurred:

    THE COURT: Now, is your identification of the defendant based upon that photograph that was presented to you, or is it based upon your seeing him there in your place of business?

    THE WITNESS: Well, it's based basically upon the photographs, because the two times he came down there we were real busy, and I think, as a matter of fact, I think one of the boys, one of the other boys in the [store] waited on him one of the two times he was there, and I did not get chance to get acquainted with the man, I didn't even know his name, and I would say my identification was based more or less on the photograph.

ror which deprived Workman of due process. The only remedy adequate to rectify this error is to vacate Workman's conviction and remand the case for a new trial at which testimony of the store manager's visual[2] identification of Workman will not be admitted.

Vacated and remanded.

---

2. The manager also testified on voir dire that one of the purchaser's companions called him "Pearlie." Our ruling, of course, does not exclude this testimony.