UNITED STATES of America,
Appellee,

v.

Willie Maxfield YOUNG, Appellant.

No. 75–1044.

United States Court of Appeals,
Fourth Circuit.

Submitted July 2, 1975.

Decided Nov. 3, 1975.

David M. Dansby, Jr., Greensboro, N. C. [court-appointed counsel], on brief for appellant.

N. Carlton Tilley, Jr., U. S. Atty., and Ronald V. Shearin, Asst. U. S. Atty., on brief for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

William Maxfield Young was found guilty by the Court below of violating 18 U.S.C. § 1708, which makes it a crime to have in one's possession any mail, or article contained therein, which has been stolen.[1] In this direct appeal, he challenges that conviction on three grounds: (1) that the in-court identification of him had been rendered constitutionally impermissible by the unduly suggestive pre-trial photographic identification sessions; (2) that the Court had erred in admitting certain of his statements; and (3) that the Court had erred in denying his motions for acquittal. For the reasons stated hereinafter, we affirm the decision below with respect to each of these challenges.

I

To assess the validity of an in-court identification, it must first be determined whether pre-trial identification procedures were unduly suggestive. If it is found they were, then the related in-court identification will be inadmissible unless it stems from an origin independent of the suggestive pre-trial identifications. *United States v. Workman* (4th Cir. 1972) 470 F.2d 151, 153.

In the present case, defense counsel conducted the voir dire examination of the primary eyewitness to establish the nature and circumstances of the pre-trial photo identifications. This witness indicated that the initial photo display had consisted of five or six photos, two of which were taken of defendant at different ages. She also indicated that the complexions of the three or four other blacks in these photos were lighter than defendant's in his more recent photo, but about the same as defendant's in the earlier one. Nothing appeared unusual to her about the dress of the photographed individuals, and no biased remarks were made to her by the officer conducting the session. Accordingly, the District Court found nothing prejudicial or impermissive about this session. We affirm this finding on the authority of *Simmons v. United States* (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

Even if we were to find the circumstances of the photo identification session prejudicial, however, automatic exclusion of the in-court identification would not be warranted.

> [C]onvictions based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside . . . only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

*Id.* at 384, 88 S.Ct. at 971. *See also Kimbrough v. Cox* (4th Cir. 1971) 444 F.2d 8; *United States v. Butler* (4th Cir. 1968) 405 F.2d 395, *cert. den.* 396 U.S. 853, 90 S.Ct. 114, 24 L.Ed.2d 102 (1969). *Cf. Neil v. Biggers* (1972) 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401. To make this determination, we must examine the procedure followed in the photographic identification session in light of the totality of surrounding circumstances. *Simmons v. United States, supra;*

---

1. The parties stipulated a number of facts, including: (1) that the check purportedly stolen had been placed in a letter and mailed on or about February 1, 1974; (2) that the payee of the check did not receive the letter containing the check nor did she authorize another to receive the letter or negotiate the check; and (3) that the check was stolen from a mailbox.

*United States v. Butler, supra.* We must ascertain whether the in-court identification is founded on matters other than the pre-trial identification. *United States v. Workman, supra.*

■ Applying these rules to the present case, we note that the eyewitness claimed that defendant remained in her presence for twenty minutes, that she had conversed briefly with him, and that she observed some of his unique physical traits.[2] Clearly, these facts constitute a sufficient independent basis to support admission of the in-court identification. *Cf. Coleman v. Alabama* (1970) 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. We find no error below in this regard.

## II

Turning next to the admissibility of certain of defendant's statements, the defendant, who testified solely on this issue, stated that he had voluntarily contacted the Postal Inspector because he had heard that a warrant was out for his arrest. At their interview, the Inspectors made no promises or threats to defendant. Before questioning him, they advised him of his Miranda rights orally and by furnishing him a copy thereof. Subsequently, defendant signed a waiver of these rights. At trial, counsel for defendant argued that in light of defendant's lack of education, reading problems and mental deficiencies this waiver was not "knowing and voluntary."[3] The trial court found otherwise.

■ There is a strong presumption against waiver of constitutional rights, but this presumption can be overcome. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

*Johnson v. Zerbst, supra,* at 464, 58 S.Ct. at 1023; *United States v. Hayes* (4th Cir. 1967) 385 F.2d 375, 377, *cert. denied* 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968). While defendant Young had a below-average I.Q., limited education and reading problems, these factors are not in themselves determinative of the voluntariness of a waiver,[4] for one must examine the totality of circumstances surrounding the waiver.[5] Numerous other factors pertinent to defendant's comprehension of the Miranda warnings appear in the record. Young signed a waiver statement; he told the postal inspectors that he understood the Miranda warnings recited to him; he repeated at trial, although with some hesitation, that he had understood the inspector's warning; he was able to read aloud much of the waiver form without difficulty in court.[6]

■ When all these factors are considered together, defendant's waiver appears knowing and voluntary. For this reason, we affirm the District Court's decision to admit into evidence statements made by defendant after written waiver of his rights.

## III

Last of the issues before us is whether the District Court erred in denying defendant's motion for acquittal. Defendant argued below and on appeal that the

---

**2.** "I noticed that he had a scar on his hand."

**3.** *Johnson v. Zerbst* (1938) 304 U.S. 458, 464–5, 58 S.Ct. 1019, 82 L.Ed. 1461; *McNeil v. State of North Carolina* (4th Cir. 1966) 368 F.2d 313.

**4.** In *Mosley v. Slayton* (D.C.Va.1972) 348 F.Supp. 1, the defendant was a slow learner and suffered from lack of education, much like the defendant in the present case. Judge Widener (then District Judge) found therein, however, that these were merely some of the fac-

tors to be considered in evaluating the voluntariness of a waiver. (at 5)

**5.** *Cf. Schneckloth v. Bustamonte* (1973) 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *Procunier v. Atchley* (1971) 400 U.S. 446, 456, 91 S.Ct. 485, 27 L.Ed.2d 524, *reh. den.* 401 U.S. 966, 91 S.Ct. 966, 28 L.Ed.2d 249 (1971); *Wright v. State of North Carolina* (4th Cir. 1973) 483 F.2d 405, 409, *cert. denied* 415 U.S. 936, 94 S.Ct. 1152, 39 L.Ed.2d 494 (1974).

**6.** Part way through the reading he appeared to have difficulty in word-recognition and claimed to be unable to continue.

motion should have been granted since the government failed to prove one element of the crime: possession. The District Court found, to the contrary, that defendant's examination of the check, subsequent presence at cashing, and ultimate receipt of forty dollars ($40) of the sum cashed constituted some form of possession sufficient to satisfy 18 U.S.C. § 1708, whether such possession be labeled joint, constructive or actual.

■ The Ninth and Fifth Circuits have considered what kind of possession is necessary to support a conviction, under 18 U.S.C. § 1708. In *United States v. Ellison* (9th Cir. 1972) 469 F.2d 413, 415, the Court noted that "possession" for purposes of that statute could be either actual or constructive, and in *United States v. Romero* (5th Cir. 1974) 495 F.2d 1356, 1359, *cert. denied* 419 U.S. 995, 95 S.Ct. 307, 42 L.Ed.2d 267, the Court stated:

> Possession may be individual or joint, actual or constructive, and it is not necessary that a defendant individually be in physical possession of an item for him to be charged with possession of it.

We agree with these holdings and find that defendant's examination of the check, his provision of identification to aid a stranger in cashing that check, his presence at the time of cashing and his ultimate receipt of forty dollars ($40) as a pay-off for assistance in cashing the check, together constitute a sufficient showing of constructive possession to satisfy statutory requirements.

Accordingly, for the reasons stated above, we deem oral argument unnecessary and affirm the judgment of the District Court.

*Affirmed.*