**Frank Jordan CRUMP, Jr., Petitioner,**

v.

**Walter M. RIDDLE, Respondent.**

Civ. A. No. 75–0054(L).

United States District Court,
W. D. Virginia,
Lynchburg Division.

Feb. 2, 1976.

Gordon H. Shapiro, Roanoke, Va., for petitioner.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Frank Jordan Crump was found guilty of attempted robbery by a jury in the Circuit Court of Bedford County, Virginia, on July 24, 1973. The jury fixed defendant's punishment at twenty years in the penitentiary. At the outset of the case, out of the presence of the jury, the defendant made a motion to suppress all evidence of identification of the defendant by the victim of the robbery, Ralph Eversole. This motion was overruled by the court.

This argument by defense counsel was renewed when the case was appealed to the Supreme Court of Virginia. On May 1, 1974, the Supreme Court denied the petitioner a writ of error, thereby affirming the judgment of the Circuit Court of Bedford County. Now pursuant to 28 U.S.C. § 2254, petitioner moves this court to grant a writ of habeas corpus for the above-mentioned reason. Jurisdiction is conferred upon this court by 28 U.S.C. § 2241. Petitioner having exhausted his available state court remedies, this court must now consider whether the identification of petitioner by Eversole was constitutionally defective.

Eversole was the owner and manager of the Atlantic Truck Stop at Montvale in Bedford County, Virginia, on November 13, 1972, when two black males allegedly entered the premises at three o'clock in the morning. Eversole was working on the service station side of the truck stop, and when the men entered the premises, they asked him the way to Rocky Mount, Virginia. As he turned his head to look out the window, the two men pulled guns on him and ordered him to turn over his money. When Eversole informed the men that he had no money, they beat him and took a twenty two derringer from him that he kept in his pocket. He then showed them his empty cash register and they left and sped off in a blue 1964 Oldsmobile. At the petitioner's trial, Eversole testified that he had observed the men from the time they got out of their car until the time they left which he estimated to be ten minutes.

At about 6:30 the morning of the 13th of November, petitioner and two other

suspects were picked up near the site of a wrecked blue Oldsmobile which had been wrecked at about 4:20 in the morning in a high speed auto chase from the police. Sergeant J. R. Webster, who was involved in this chase, testified at the petitioner's trial that this vehicle had three occupants before it crashed and the men escaped. The same morning, Eversole was asked to come to the Sheriff's Office to make an identification of the two robbers. At petitioner's trial, Eversole had difficulty remembering the particulars of this identification. While Eversole was certain that he did not view the suspects in a lineup, he recalled that he had looked through a glass at several people which he remembered as being "six or seven" (transcript, p. 49) when testifying out of the presence of the jury, but could not remember how many (transcript, p. 123) when testifying before the jury. However, Eversole did concur with an earlier statement he made on February 23, 1973 that there were two rooms with the two men that had allegedly robbed him in one room and the third suspect in another room, (transcript, p. 123). For purposes of testing the constitutional validity of Eversole's in-court identification, this court will accept this latter statement as it is most favorable to the petitioner.

The next day, Deputy Sheriff B. G. Jones brought some photographs to Eversole for identification purposes. Eversole chose from these photos pictures of Crump and his alleged companion Jackie Frank Lewis Robertson. The petitioner's picture was apparently the only photo in the group that had the date of the robbery written on it. Petitioner's assertion is that the in-court identification was tainted by this suggestive show-up and photo identification and thus ought to be suppressed.

The primary evil to be avoided by suggestive pre-trial identifications is a substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968). Unnecessary suggestiveness alone doesn't require the exclusion of evidence. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The test is whether under the totality of the circumstances the identification was reliable even though the confrontation procedure was suggestive. *Neil, supra* at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411. A conviction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons, supra,* 390 U.S., at 384, 88 S.Ct., at 971, 19 L.Ed.2d at 1253.

The relevant factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Neil, supra,* 409 U.S. at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411, *Stanley v. Cox,* 486 F.2d 48 (4 Cir. 1973).

In the case at hand, Eversole testified that he had ten minutes to observe the two robbers and this observation appeared to be intense. He testified that he saw the men when they pulled up, when they got out of their car, and when they got back in the car (transcript, p. 44). He was able to describe the same vehicle which later sped away from the police. He affirmatively stated that his in-court identification of the petitioner was based on his recollection of what took place at his truck stop (transcript, p. 44). He further testified that he would know the robbers "ten years from now" if he were to see them because "nobody can beat me that hard and you can't remember their face (sic-transcript, p. 51)."

978

This court has no difficulty in concluding that the photographic identification was highly suggestive. Even Deputy Sheriff B. G. Jones admitted that only the pictures of Crump had the date of the crime written on them and that this would be suggestive if the person viewing the pictures was looking at the dates rather than the faces. This court also views with some skepticism the show-up procedure used by the law enforcement officers in obtaining the identification of petitioner and his companions at the police station.

But the testimony by Eversole during the argument of the motion to suppress the identification evidence removes any doubt this court has about misidentification. Clearly a confrontation with a suspect can be an independent source for identification purposes which will remove the taint of a suggestive show-up or photographic display. *United States v. Sauls,* 520 F.2d 568, # 75–1009 (4th Cir. 1975), *United States v. Workman,* 470 F.2d 151 (4th Cir. 1972). From the record established in this case, this court entertains no doubts that Eversole's identification of petitioner was certain and based on the incident at Eversole's truck stop. Accordingly this court finds that the facts surrounding petitioner's allegation are sufficiently developed in the state court trial records and herein denies petitioner's request for habeas corpus relief. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and counsel for respondent.