**UNITED STATES of America ex rel. Victor LOPEZ, Petitioner,**

v.

**James CHRANS, Respondent.**

No. 88 C 2448.

United States District Court, N.D. Illinois, E.D.

Sept. 23, 1988.

Victor Lopez, Pontiac, Ill, for petitioner.

Michael J. Singer, Asst. Atty. Gen., Criminal Appeals Div., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Victor Lopez, an inmate at Illinois' Pontiac Correctional Center, seeks habeas relief under 28 U.S.C. § 2254 from his murder conviction and twenty-eight year prison sentence. For the reasons set forth below, the petition is denied.

### Procedural History

On September 18, 1984, a jury in the Circuit Court of Cook County convicted Lopez of murder under the Illinois accountability statute [1] for the 1983 stabbing death of James Garcia. The court sentenced Lopez to a twenty-eight year prison term, and Lopez appealed to the First District Illinois Appellate Court, raising four grounds for reversal: the trial court erred in denying his motion to suppress certain incriminating statements; the government did not prove criminal intent beyond a reasonable doubt; the trial court erred in instructing the jury; and the sentence is excessive. The Appellate Court found each claim without merit and affirmed the conviction and sentence. *Illinois v. Khan, et al.,* 158 Ill.App.3d 1101, 121 Ill.Dec. 541, 525 N.E.2d 599 (1987). The Illinois Supreme Court denied Lopez's petition for leave to appeal in which he raised only the second claim. Having exhausted all available state remedies in satisfaction of 28 U.S.C. § 2254(b), Lopez filed this habeas petition raising the identical claims argued in the Illinois Appellate Court.[2] We address each in turn.

### Admissibility of Incriminating Statements

■ At trial, Lopez's custodial statements were introduced into evidence. Lopez contends, as he did on appeal, that the combination of his youth, below average I.Q. and intoxicated state at that time rendered any waiver of his right to remain silent unknowing and involuntary and therefore all incriminating statements inadmissible.[3] We deny this claim for relief on two grounds. First, by failing to raise the claim in his petition to the Illinois Supreme Court, Lopez procedurally defaulted and accordingly waived federal relief. A state prisoner must give the Illinois Supreme Court an opportunity to address his constitutional challenge to a conviction unless he can show good cause for his failure to do so and prejudice therefrom. *Nutall v. Greer,* 764 F.2d 462, 464 (7th Cir.1985). Lopez has not demonstrated cause for his decision to appeal to the Illinois Supreme Court on alternative grounds only, and the claim is therefore waived.

■ We deny the claim on the merits as well. The federal habeas statute mandates that we presume correct any state court

---

1. The statute provides
 A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5–2, or both. Ill.Rev.Stat. ch. 38, § 5–1 (1962).

2. To support his claims here, Lopez relies primarily on the briefs filed in the Illinois Appellate and Supreme Courts.

3. Respondents contend that Lopez relied solely on state decisional and statutory law to support his claim and thereby failed to fairly alert the state court to the federal basis of this claim.

We disagree. Certainly, Lopez relied primarily on the Illinois statute requiring parental notification. However, Lopez expressly stated in his appellate brief that his statements did not constitute a "knowing and intelligent waiver of *Miranda* rights" and cited to Illinois cases applying the federal analysis. By using terminology that is "so particular as to call to mind a specific right protected by the Constitution" or referring to state cases that apply the pertinent federal constitutional analysis, the petitioner satisfactorily alerts the state courts to the federal nature of his claim. *United States ex rel. Sullivan v. Fairman,* 731 F.2d 450, 453 (7th Cir.1984).

factual findings "evidenced by a written finding, written opinion, or other reliable and adequate written indicia." 28 U.S.C. § 2254(d). *Wainwright v. Witt*, 469 U.S. 412, 428, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985). Whether the accused knowingly and intelligently waived his *Miranda* rights is a question of fact, *Perri v. Director, Department of Corrections*, 817 F.2d 448, 451 (7th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987), and the state court's conclusions are accordingly presumed correct. *Bryan v. Warden, Indiana State Reformatory*, 820 F.2d 217, 219 (7th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987). The presumption may be overcome by a showing that the record does not fairly support the court's factual determination. § 2254(d)(8). Accordingly, we must carefully scrutinize the record to assure that the state court applied the proper legal analysis, and that the evidence presented to the state court supports any factual findings that we accept and apply without our own evidentiary hearing. *Demps v. Wainwright*, 805 F.2d 1426 (11th Cir.1986), *cert. denied*, — U.S. —, 108 S.Ct. 209, 98 L.Ed.2d 160 (1987).

The state trial court found after a suppression hearing that the police gave Lopez *Miranda* warnings and did not coerce him to talk, that he was not intoxicated at the time, and that his youth and below average I.Q. of 86 did not render his waiver of his right to remain silent unknowing or involuntary. The record fairly supports these findings. A number of police officers and a state's attorney testified that Lopez was given *Miranda* warnings, that he indicated he understood them, and that he did not appear intoxicated when he made the statements. The court chose to believe the testimony of those witnesses despite contradictory testimony from others. We must, in the absence of conclusive evidence to the contrary, accept state court findings based on an evaluation of witness credibility.

As evidenced by its extensive findings of fact and conclusions of law, the state court applied the proper legal analysis by evaluating the totality of circumstances surrounding Lopez's statements, looking to Lopez's age, experience, education, intelligence and capacity to understand his rights. *Fare v. C.*, 442 U.S. 707, 724–25, 99 S.Ct. 2560, 2571–72, 61 L.Ed.2d 197 (1979); *Woods v. Clusen*, 794 F.2d 293, 296 (7th Cir.1986). The court was not required to find any single factor, such as Lopez's age or below-average I.Q., dispositive. *United States v. Young*, 529 F.2d 193, 195 (4th Cir.1975). Finding that Lopez was not so intoxicated as to render him unable to appreciate the import of his decision to talk and that the police did not coerce him, the court was left with only Lopez's age and I.Q. as evidence of an ineffective waiver. The court did not err in concluding that the waiver was knowing and voluntary. Lopez's I.Q. was 86, only marginally below average, and the court found that Lopez's testimony at the suppression hearing demonstrated his capacity to understand his rights. In sum, the record supports the state court's determination that Lopez knowingly and voluntarily waived his right to remain silent, and habeas relief is accordingly denied.

### Criminal Intent

 Lopez contends, as he did on appeal to the Illinois Appellate and Supreme Courts, that the state failed to prove criminal intent beyond a reasonable doubt as required by the Illinois accountability statute. His argument focused primarily on whether the state satisfied Illinois law and accordingly cannot provide a basis for federal habeas relief. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984); *Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir.1988). Lopez did state, without any supporting authority, that the state's failure to prove criminal intent "also violates the due process clauses of the Illinois and United States Constitution since the prosecution need only prove membership in a gang in order to secure a conviction beyond a reasonable doubt. U.S. Cont. [sic] Amend. XIV." The Sixth Amendment sets forth the procedural safeguards a defendant enjoys in criminal proceedings and does not require, as Lopez seemingly argues, that the state include specific criminal intent as an element of every crime:

The applicability of the reasonable doubt standard ... has always been dependent

on how a State defines the offense that is charged in any given case. *Patterson v. New York*, 432 U.S. 197, 211 n. 12, 97 S.Ct. 2319, 2327 n. 12, 53 L.Ed.2d 281 (1977).

That gang membership and not specific criminal intent is an element of the charged offense, a conclusion of state law which we accept only for purposes of our analysis here, does not implicate the United States Constitution. Accordingly, habeas relief on this claim is denied.

### Jury Instruction and Excessive Sentence

Finally, Lopez contends that the jury instruction on accountability was deficient, and that the state court abused its discretion in sentencing him without giving adequate consideration to his youth and rehabilitative potential. By failing to raise these claims in his petition to the Illinois Supreme Court, Lopez abandoned them and cannot assert them here. Further, he bases both claims on Illinois law and neither references nor suggests the implication of any federal rights. Lacking a federal basis, these claims cannot support federal habeas relief.

### Conclusion

For the reasons set forth above, the habeas petition is denied. It is so ordered.