892 F.2d 75
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammed SALEEM, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Habibur RAHMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zahir SHAH, Defendant-Appellant.
 Nos. 88-5675 to 88-5677.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1989.
Decided: Dec. 1, 1989.
 
 Margaret Brooke Murdock, Assistant Federal Public Defender; William B. Purpura (Fred Warren Bennett, Federal Public Defender; Christopher M. Davis, Davis & Davis, on brief), for appellants.
 Katharine Jacobs Armentrout, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants Mohammed Saleem, Habibur Rahman, and Zahir Shah were charged with conspiracy to distribute, and possess with intent to distribute, one kilogram or more of heroin in violation of 21 U.S.C. § 846 and with one count of importation of more than one kilogram of heroin in violation of 21 U.S.C. § 952. Saleem and Rahman were also charged with one count of possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 941(a)(1). The appellants were found guilty by a jury of all charges.
 
 
 2
 On appeal, Saleem and Rahman argue that statements made by them after arrest were improperly admitted at trial because they were involuntarily given. Shah argues that all statements made by him during the stop of his car should have been suppressed at trial because they were the results of an illegal search and seizure. We disagree and affirm the judgment of the district court.
 
 
 3
 * On 21 April 1988, appellants Saleem and Rahman were arrested at approximately 2:00 p.m. At approximately 6:30 p.m., Rahman was advised of his Miranda rights through a Pakistani interpreter. Rahman was given a typed copy of his rights and was read each right individually and asked if he understood. If he responded no, that particular right was re-explained until he said that he understood it. Upon indication that he understood, Rahman was asked to place his initials or sign his name after the particular right. Rahman signed his name at the end of each right and signed a waiver of his rights. Underneath the rights he wrote the following statement in Pakistani: "I understand the rights which have been described in the abovementioned writing." Rahman's rights were explained to him for approximately thirty minutes and afterwards he was interviewed by officers until approximately 7:40 p.m.
 
 
 4
 Saleem was advised of his Miranda rights by the same Pakistani interpreter at 7:43 p.m. Saleem was given a typed copy of his rights and they were explained to him. Saleem indicated he understood his rights but thereafter stated he did not understand. Each right was given again and Saleem then stated he understood. The waiver was then explained to Saleem and he signed it. He stated he signed the waiver because "you tell me to sign it." Underneath the rights Saleem wrote in Pakistani: "It is written that the above writing is understood by me and I am fully aware of everything." Saleem signed the waiver at 8:00 p.m. and the interview was concluded at 8:26 p.m.
 
 
 5
 Appellants Saleem and Rahman claim that their statements made to the agents were not voluntary because they did not knowingly waive their Miranda rights and because of an allegedly lengthy delay between the time of arrest and the time statements were made. The district court found that these claims were not substantiated and ruled that the statements were admissible. The findings of fact of the district court concerning the voluntariness of a statement may be overturned by this court only if clearly erroneous. United States v. Dodier, 630 F.2d 232, 236 (4th Cir.1980); United States v. Gonzales, 749 F.2d 1329, 1335 (9th Cir.1984). Appellants' claims raise two issues of voluntariness: (A) the voluntariness of the waiver of Miranda rights, and (B) the voluntariness of the statements themselves.
 
 
 6
 * A defendant can waive his Miranda rights once they are given if the waiver is made "voluntarily, knowingly and intelligently." United States v. Smith, 608 F.2d 1011, 1012 (4th Cir.1979). The totality of circumstances surrounding a waiver must be examined in order to determine whether a waiver is made "voluntarily, knowingly and intelligently." United States v. Young, 529 F.2d 193, 195 (4th Cir.1975). After examining the totality of circumstances in this case, we conclude appellants Saleem and Rahman properly waived their Miranda rights. Saleem and Rahman were read their rights in their own language and if they did not understand a particular right it was re-explained until they did. Each appellant signed his name at the end of each right and at the bottom of all the rights indicating he understood them. Additionally, each appellant wrote a sentence in his native language indicating he understood his rights. Each appellant signed the waiver after it was explained to him. These circumstances when viewed in toto show that the district court's findings that appellants Saleem and Rahman "voluntarily, knowingly and intelligently" waived their rights are not clearly erroneous. See Dodier, 630 F.2d at 236.
 
 B
 
 7
 Even if a defendant voluntarily waives his Miranda rights, any statements he gives after doing so must still be voluntarily given. See Gonzales, 749 F.2d at 1335. The voluntariness of a statement depends on whether it is a " 'product of an essentially free and unconstrained choice by its makers,' or whether, instead, the maker's 'will has been overborne and his capacity for self-determination critically impaired.' " Dodier, 630 F.2d at 235 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)). Appellants Saleem and Rahman argue that the length of the delay between the time of arrest and the time they were taken before a judicial officer indicates their statements were involuntary. Title 18, United States Code, Section 3501 lists factors for a trial judge to consider in making a determination of voluntariness. 18 U.S.C. § 3501 (1985). One of the factors is "the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment...." 18 U.S.C. § 3501(b). However, in order to make a determination of voluntariness, the court must examine the totality of the circumstances surrounding the statements including " 'the characteristics of the accused and the details of the interrogation.' " Dodier, 630 F.2d at 235 (quoting Schneckloth, 412 U.S. at 226). A lengthy delay in taking a defendant before a judicial official is merely one factor to be weighed in determining the voluntariness of a statement and a delay does not automatically render a statement involuntary. United States v. Crocker, 510 F.2d 1129, 1138 (10th Cir.1975).
 
 
 8
 In this case, Saleem and Rahman were arrested at 2:00 p.m. but were not taken before the court commissioner until approximately midnight. The government attributes the delay to two factors: the time spent processing the appellants and the wait for a Pakistani interpreter to be located and transported from Virginia to Baltimore. The appellants were provided an interpreter who spoke their native language, read their rights to them, and explained any rights they did not understand. After the interviews, appellants watched television and were given food while the agents finished the processing for the arrests. Given these factors and the short length of the actual interviews, we conclude, when the circumstances are viewed in toto, the court's findings as to voluntariness are not clearly erroneous.
 
 II
 
 9
 Appellant Shah argues that all statements made by him during the stop of his car should have been suppressed at trial because they were made pursuant to a warrantless car stop without probable cause. The Fourth Amendment provides protection to persons against "unreasonable searches and seizures." U.S. Const.Amend. IV. The stop of an automobile and detention of its occupants constitute a seizure within the meaning of the Fourth Amendment even though the purpose of the stop is limited and resulting detention is brief. Delaware v. Prouse, 440 U.S. 648, 653 (1979). The government argues that the stop of Shah's automobile was lawful because his automobile was missing a taillight which constitutes a Maryland traffic violation. Shah admits his car had an inoperative taillight at the time it was stopped. The language of the Fourth Amendment proscribes only "unreasonable" searches and seizures and a stop for a traffic violation in not unreasonable. Scott v. United States, 436 U.S. 128, 137 (1978). Although Shah's automobile may have been stopped for the subjective reason of identifying him and getting statements from him, the objective action of the officer must be viewed in determining whether the stop was lawful. Id.; Blair v. United States, 665 F.2d 500, 506 (4th Cir.1981). In Scott, the Supreme Court stated that "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." 436 U.S. at 138. The seizure of Shah's automobile was not unlawful because the officer had legal justification for the stop. Accordingly, Shah's statements made during the stop were properly admitted at trial.
 
 
 10
 Finally, Shah's contention that the district court committed reversible error by denying his motion for severance is without merit.
 
 
 11
 The decision of the district court is affirmed.
 
 
 12
 AFFIRMED.