918 F.2d 174
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joram GEORGES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Wayne PRITCHETT, Defendant-Appellant.
 Nos. 89-5764, 90-5609.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Nov. 16, 1990.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Hiram H. Ward, Senior District Judge. (CR-89-112-G)
 Anne R. Littlejohn, Barry S. Stanback, Susan Hayes, Greensboro, N.C., for appellants.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Joram Georges appeals his conviction of conspiracy to manufacture and distribute cocaine base (crack) (21 U.S.C. Sec. 846) and of distribution of crack (21 U.S.C. Sec. 841). Paul Wayne Pritchett was convicted of conspiracy and appeals his sentence imposed under the Sentencing Guidelines. We affirm in each case.
 
 
 2
 Georges and Pritchett were both part of an organization which brought cocaine from Florida to North Carolina, converted it to crack and distributed it. Georges, a Haitian who has lived in the United States since 1980, contends that the district court should have granted his motion to suppress statements he made after his arrest on the ground that his difficulty with English prevented him from making a knowing waiver of his rights. Testimony at the suppression hearing revealed that, following his arrest in Greensboro, Georges signed a form waiving his Miranda rights.* The officer stated that he read the rights waiver form to Georges, briefly explaining each item, and that Georges responded affirmatively when asked if he understood and said he wanted to sign. Georges also signed a statement saying that he wanted to cooperate, and specifically stated that he wanted to go with police to Durham immediately to locate his superior from Miami who was in Durham at the time. He drove to Durham with the agents and, on the way there and back, discussed his involvement with them. As a result of information provided by Georges, arrests were made that day. Georges did not testify at the suppression hearing.
 
 
 3
 In deciding whether there has been a valid waiver of the right to counsel, the court should consider the background, experience and conduct of the defendant. United States v. Young, 529 F.2d 193, 195 (4th Cir.1975). In this case, unrefuted testimony established that Georges was able to understand English, although he apparently has occasional difficulty. Also, his conduct on the day of his arrest supports the determination that he voluntarily and knowingly waived his rights. The motion to suppress his statements was properly denied.
 
 
 4
 Pritchett argues that the sentencing court erred in refusing to give him a downward adjustment in offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Pritchett denied any involvement in the offense until the sentencing hearing, when he stated that he accepted responsibility for the crime. The sentencing judge held that the acceptance was untimely and declined to make the adjustment. Pritchett maintains on appeal that the judge erroneously thought he was precluded from making the adjustment. However, the record does not support this contention. The judge merely noted the late date of Pritchett's statement and concluded that it was an insufficient basis on which to make the adjustment. This Court upheld a similar ruling in United States v. Martinez, 901 F.2d 374, 378 (4th Cir.1990), holding that, without more, "finding the defendant's belated statement sufficient in itself to carry his burden of proof for the reduction would open the door to abuse of the spirit and purpose of encouraging acceptance of personal responsibility for one's criminal conduct." We find that the district court's decision in this case was not clearly erroneous.
 
 
 5
 Accordingly, Georges' conviction and Pritchett's sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Miranda v. Arizona, 384 U.S. 436 (1966)